**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**AUG 5 1998**

**TENTH CIRCUIT**

_____

**PATRICK FISHER**
**Clerk**

JAMES BAUHAUS,

     Petitioner-Appellant,

v.

DAN REYNOLDS, Warden,
Oklahoma State Penitentiary,

     Respondent-Appellee.

No. 98-5054
(N.D. Okla.)
(D.Ct. No. 96-C-929-H)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **SEYMOUR, BRORBY,** and **BRISCOE**, Circuit Judges.

_____

     After examining the brief and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. _See_ Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

     Mr. Bauhaus is an Oklahoma state inmate and a _pro se_ litigant. He filed a

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, _res judicata_ and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

federal petition for habeas relief, which was denied. (Mr. Bauhaus now appeals the district court's order denying this petition.

Mr. Bauhaus was convicted by a state jury of the crime of murder. He was sentenced to life imprisonment. The Oklahoma Court of Criminal Appeals affirmed the conviction and sentence in a published opinion, *Bauhaus v. State*, 532 P. 2d 434 (Okla. Crim. App. 1975), *cert. denied*, 434 U.S. 972 (1977). Mr. Bauhaus has filed several applications for post- conviction relief in the Oklahoma state courts.

A review of the trial transcript reveals a simple evidentiary case. The victim and his wife returned home and found Mr. Bauhaus in the process of burglarizing their home. Mr. Bauhaus shot and killed the victim. The victim's wife positively identified Mr. Bauhaus. In addition, a bystander outside the home identified Mr. Bauhaus as the individual running away from the direction of the victim's home shortly after the crime.

Mr. Bauhaus filed his habeas petition with the district court. In his petition, Mr. Bauhaus claimed Oklahoma deprived him of due process by concealing blood and fingerprint evidence that he alleges conclusively

demonstrates he is innocent of the crime; he did not receive a fast, speedy, fair, and impartial trial by an impartial jury or effective assistance of counsel; and his trial was tainted by "ineffective counsel, police [and] media prejudice, non-fair-impartial trial, [and] judicial error".

The district court denied relief in a thirteen-page written order. A fair summary of the district court's order is that the existence of the allegedly withheld blood sample and fingerprint evidence was clearly revealed to Mr. Bauhaus at trial. Furthermore, even if the evidence was withheld, and the record reflects it was not, such suppression did not violate due process because it would not have undermined confidence in the outcome of the trial. The court also rejected Mr. Bauhaus' contention that he was denied due process because witnesses' descriptions of the assailant were withheld in allegedly concealed police reports. The district court next concluded any alleged new evidence does not satisfy the "clear and convincing" requirement of 28 U.S.C. § 2254(e)(1) to overcome a presumption of correctness. The district court found no merit to Mr. Bauhaus' lack of speedy trial and claims of ineffective assistance of counsel.

Mr. Bauhaus appeals this decision by claiming: (1) Oklahoma denied him a constitutionally fair and correct trial by "withholding evidence, suborning

eyewitnesses, and inducing fallacies into the media and jury"; (2) the court should require crime scene fingerprint samples to be analyzed since the true killer's prints were added to the National Crime Information Center database six years after the crime at issue; and (3) the court should require new physical evidence analyzed based on new scientific DNA techniques available.

We must first decide whether to grant Mr. Bauhaus' request for a certificate of appealability. 28 U.S.C. § 2253 provides an appeal may not be taken to the court of appeals from a district judge's ruling on a state prisoner's habeas corpus petition unless a circuit judge issues a certificate of appealability. We may issue such a certificate only if the prisoner has made a "substantial showing of the denial of a constitutional right" and the certificate indicates which issue or issues satisfy the required showing. 28 U.S.C. § 2253(2) - (3). To obtain a certificate of appealability Mr. Bauhaus must make a showing of the denial of an important federal right by demonstrating the issues raised are debatable among jurists; or that a court could resolve the issues differently; or that the questions deserve further proceedings. *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983).

Mr. Bauhaus, in his brief to this court, fails to show either factually or legally any error in the opinion of the district court. Rather, he reargues his

contentions.  He provides no other evidence supporting his conclusory allegations that proves his actual innocence.

The order of the district court accurately sets forth the significant facts and correctly analyzes applicable law.  Were we to reach the merits, we would affirm the judgment of the district court for substantially the reasons set forth in the district court's order.  We attach a copy hereto.

As Mr. Bauhaus has failed to show the denial of an important federal right by demonstrating the issues raised are debatable among jurists, or that a court could resolve the issues differently, or that the questions deserve further proceedings, we deny his request for a certificate of appealability.  Accordingly, the appeal is **DISMISSED**.

Mr. Bauhaus recently filed a motion for summary judgment and a motion to compel production of evidence with this court.  Since we decline to exercise jurisdiction over these motions, the motions are denied.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge

Attachment not available electronically.