FILED
United States Court of Appeals
Tenth Circuit

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**August 19, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

JAMES BAUHAUS,

    Petitioner - Appellant,

v.

SCOTT CROW,

    Respondent - Appellee.

No. 22-6018
(D.C. No. 5:20-CV-01003-JD)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **PHILLIPS**, Circuit Judges.
_____

James Bauhaus, an Oklahoma state prisoner proceeding pro se, seeks a certificate

of appealability (COA) to appeal from the district court's order dismissing his

unauthorized second or successive 28 U.S.C. § 2254 habeas petition for lack of

jurisdiction.  We deny a COA and dismiss this matter.

In 1974, Mr. Bauhaus was convicted of first-degree murder and sentenced to life

imprisonment.  The Oklahoma Court of Criminal Appeals affirmed his conviction and

sentence on direct appeal.  *Bauhaus v. State*, 532 P.2d 434, 444 (Okla. Crim. App. 1975).

In 1996, Mr. Bauhaus filed his first § 2254 petition in federal district court, claiming,

---

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

among other things, a violation of due process based on the alleged concealment of blood and fingerprint evidence and witnesses' descriptions of the perpetrator. The district court denied the petition, and this court denied a COA. *See Bauhaus v. Reynolds*, No. 98-5054, 1998 WL 453679, at *2 (10th Cir. Aug. 5, 1998). Mr. Bauhaus has since filed numerous unsuccessful post-conviction applications for relief in state court, federal district court, and this court attempting to collaterally attack his conviction. He filed the § 2254 petition at issue here in October 2020, largely reasserting the same claims he has raised in prior habeas petitions. The district court concluded the petition was an unauthorized second or successive § 2254 petition and dismissed it for lack of jurisdiction.

To appeal the district court's order, Mr. Bauhaus must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 482 (2000). To obtain a COA, he must show *both* "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added). We need not reach the constitutional component of this standard because it is apparent Mr. Bauhaus cannot meet his burden on the procedural one. *See id.* at 485.

A prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

2

We liberally construe Mr. Bauhaus's pro se combined opening brief and application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). In his COA application, Mr. Bauhaus does not dispute that he previously filed a § 2254 petition and that he did not obtain authorization from this court to file another one. Nor does he dispute the correctness of the district court's procedural ruling dismissing his latest § 2254 petition for lack of jurisdiction. Instead, he argues the merits of his underlying claims.

Because Mr. Bauhaus has not shown that jurists of reason would debate whether the district court's procedural ruling was correct, we deny a COA and dismiss this matter. We also deny Mr. Bauhaus's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk