**Mongo Paul MITCHELL, Petitioner–Appellant,**

v.

**Ron WARD, Director, Respondent–Appellee.**

**No. 01–6408.**

United States Court of Appeals, Tenth Circuit.

July 23, 2002.

Before SEYMOUR, HENRY, and BRISCOE, Circuit Judges.

**ORDER AND JUDGMENT** *

SEYMOUR, Circuit Judge.

Mongo Paul Mitchell, a state prisoner appearing pro se, seeks a certificate of appealability in order to appeal the district court's denial of his petition for writ of habeas corpus filed pursuant to 18 U.S.C. § 2254. For the reasons set out below, we deny Mr. Mitchell's request for a certificate of appealability and dismiss the appeal.

Mr. Mitchell pled guilty in state district court to charges involving robbery with a firearm and shooting with intent to kill. The court entered its judgment on August 20, 1997, sentencing Mr. Mitchell to two concurrent terms of forty years. Mr. Mitchell brought no direct appeal. He filed an application for post-conviction re-

---

* After examining appellant's brief and the appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, or collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

lief on January 29, 2001. The Oklahoma district court denied the application, a judgment affirmed by the Oklahoma Court of Criminal Appeals.

On August 15, 2001, Mr. Mitchell filed a petition for writ of habeas corpus in federal district court. In the petition, Mr. Mitchell maintains he received ineffective assistance of counsel at trial. The magistrate judge recommended the petition be dismissed as untimely under AEDPA. The district court adopted the findings and recommendations of the magistrate judge and dismissed Mr. Mitchell's petition. The court subsequently denied Mr. Mitchell's request for a certificate of appealability under 28 U.S.C. § 2253.

To determine whether Mr. Mitchell is entitled to a certificate of appealability when the district court has denied a habeas petition on procedural grounds, we examine whether he has made a substantial showing "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 59 U.S. 473, 478, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (construing 28 U.S.C. § 2253(c)). Pursuant to AEDPA, the district court determined that Mr. Mitchell's state court conviction became final on August 20, 1997. Mr. Mitchell had 365 days, until August 20, 1998, to file a habeas petition pursuant to section 2254. *See* 28 U.S.C. § 2244(d). Mr. Mitchell did not file his federal habeas petition until August 15, 2001, long after his state conviction became final and the 365–day period had expired. The district court declined to find circumstances justifying application of equitable tolling. Consequently, it dismissed his federal habeas petition as untimely under AEDPA.

We have reviewed Mr. Mitchell's briefs, the magistrate judge's report and recommendations, the district court's order and judgment, and the entire record on appeal. Because Mr. Mitchell's section 2254 petition was due at the latest by August 20, 1998, and he neglected to file his petition within that time period, the district court's dismissal of his petition as time-barred was correct. Furthermore, we agree with the district court that Mr. Mitchell has not demonstrated that his failure to timely file "was caused by extraordinary circumstances beyond his control" such as to justify application of equitable tolling. *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied*, 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001); *see also Hall v. Scott*, 292 F.3d 1264, 1268 (10th Cir.2002).

When, as here, a claim is denied on procedural grounds without reaching the merits of the underlying constitutional claim, petitioner must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. Mr. Mitchell has made no such showing, and we therefore deny his request for a COA on this claim.

We **DENY** the request for a certificate of appealability, **DENY** the motion to proceed in forma pauperis, and **DISMISS** the appeal.