**F I L E D**

**UNITED STATES COURT OF APPEALS**

**July 8, 2005**

**TENTH CIRCUIT**

TONY BRANDON HUNT,

     Petitioner-Appellant,

v.

RAY ROBERTS, Warden, El Dorado
Correctional Facility; ATTORNEY
GENERAL OF THE STATE OF
KANSAS,

     Respondents-Appellees.

No. 04-3487
(D.C. No. 04-CV-3042-WEB)
(Kansas)

**ORDER**

Before **SEYMOUR**, **HARTZ** and **McCONNELL,** Circuit Judges.

Tony B. Hunt applies *pro se*[1] for a certificate of appealability (COA) of the

district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. §

2254. Exercising jurisdiction under 28 U.S.C. § 2253(c)(1), we see no basis for

an appeal, deny a COA, and dismiss the appeal.

Mr. Hunt was convicted by a jury of second degree murder and attempted

---

[1]We liberally construe Mr. Hunt's *pro se* application. *See Hall v. Scott*, 292
F.3d 1264, 1266 (10th Cir. 2002).

first degree murder in Kansas state court. He filed a direct appeal, which was denied. *State of Kansas v. Hunt*, 14 P.3d 430 (2000). He sought collateral review in state court, which was similarly denied. He next petitioned the federal district court for habeas relief, raising the following claims: 1) denial of due process under *Brady v. Maryland*, 373 U.S. 83 (1963); 2) ineffective assistance by trial and appellate counsel; 3) violation of due process because the state applied an *ex post facto* law; 4) violation of his right to trial by a jury; and 5) cumulative errors denying him a fair trial. The district court determined that Mr. Hunt's petition contained exhausted and unexhausted claims. It also determined, however, that the unexhausted claims were now procedurally barred in state court and therefore procedurally defaulted in federal court. The court then examined the remaining claims on the merits and denied the petition.

Mr. Hunt contended he suffered a *Brady* violation because the state failed to disclose the murder victim's criminal history related to possession of marijuana and an assault. He argued that this information would have justified an instruction for voluntary manslaughter at trial. The district court evaluated Mr. Hunt's allegation pursuant to *Strickler v. Greene*, 527 U.S. 263, 281-82 (1999). It concluded that the information at issue was not favorable or exculpatory to Mr. Hunt, and that it was not prejudicial to him within the meaning of *Strickler*. Rec., doc. 18 at 6 (citing *Strickler*, 527 U.S. at 290). Instead, it held the evidence was merely cumulative.

Mr. Hunt next claimed ineffective assistance of counsel because his

attorney failed to use or investigate the murder victim's prior convictions, and failed to request attempted voluntary manslaughter instructions or to raise the issue on appeal.[2] In denying this claim, the court held that Mr. Hunt had not shown his counsel's alleged failings caused any prejudice to his case under the second prong of the *Strickland* standard. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Mr. Hunt's third issue was that he was denied due process because the Kansas Supreme Court allegedly applied an *ex post facto* law which, in effect, denied him a defense. He asserted that the state supreme court added new elements to the voluntary manslaughter statute when it denied on appeal and collateral review his claims that he was entitled to jury instructions under the statute. Because the state supreme court's decision on this issue was not clear as to whether it was based on procedural or substantive grounds, the district court reviewed the state decisions under a procedural bar analysis as well as on the merits. Under either analysis, the court concluded that the state court's rulings regarding jury instructions did not implicate federal *ex post facto* or due process concerns at all because they "merely read petitioner's facts as not meeting the legal requirements" of the laws that would permit such instructions. Rec., doc. 18

---

[2]In his petition to the district court, Mr. Hunt also claimed he received ineffective assistance of counsel based on his appellate counsel's failure to appeal the rejection of an attempted second degree murder instruction. He has not raised this issue in his COA, and we thus consider it abandoned. *See Tran v. Trs. of State Colls. in Colo.*, 355 F.3d 1263, 1266 (10th Cir. 2004).

at 16.

Mr. Hunt also contended he was denied the right to a jury trial because the trial court refused to issue voluntary manslaughter instructions. The district court concluded the claim was unexhausted, procedurally barred at the state level, and therefore procedurally defaulted in federal court. Finding no cause existed for the default and no showing of a miscarriage of justice, it determined that the issue could not be reviewed on the merits in federal court.[3] Mr. Hunt's final assertion was that his counsel's cumulative errors, along with the suppression of exculpatory evidence, denied him the right to a fair trial. The court concluded that because there were no cognizable errors, Mr. Hunt's cumulative error argument necessarily failed.

Issuance of a COA is jurisdictional. *Miller-El v. Cockrell*, 537 U.S. 332, 335-36 (2003). A COA can issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El*, 537 U.S. at 327. When a district court has dismissed a habeas petition on procedural grounds, a prisoner must also show that

---

[3] In his application for a COA, Mr. Hunt contends he did exhaust this issue. Even the most liberal readings of Mr. Hunt's filings in federal and state courts, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall,* 292 F.3d at 1266, do not support this exhaustion claim.

"jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El*, 537 U.S. at 336. "This threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims. In fact, the statute forbids it." *Id.* While Mr. Hunt is not required to prove the merits of his case, he must demonstrate "something more than the absence of frivolity or the existence of mere good faith" on his part. *Id.* at 338 (internal quotations and citation omitted).

With these principles in mind, we have carefully reviewed the record of these proceedings and the well reasoned and detailed order of the district court. For the reasons given by the district court in its disposition of Mr. Hunt's habeas petition, we conclude that reasonable jurists would not debate that court's resolution of the constitutional claims presented or its procedural rulings. We therefore **DENY** Mr. Hunt's request for a certificate of appealability, and **DISMISS** the appeal.

SUBMITTED FOR THE COURT

Stephanie K. Seymour
Circuit Judge