**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 4, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

TIMOTHY W. CLAY,

Petitioner–Appellant,

v.

JUSTIN JONES, Director,

Respondent–Appellee.

No. 12-6182

(D.C. No. 5:11-CV-01108-C)

(W.D. Okla.)

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

Before **BRISCOE**, Chief Judge, **McKAY** and **HOLMES**, Circuit Judges.

Petitioner, a state prisoner proceeding pro se, seeks a certificate of appealability to appeal the district court's denial of his § 2254 habeas petition as time-barred. In 2005, Petitioner was convicted of assault with a dangerous weapon after two or more convictions, and this conviction was affirmed by the Oklahoma Court of Criminal Appeals in March 2007. In dismissing the petition as time-barred, the district court concluded that the limitations period expired in October 2008, after a statutory tolling period for Petitioner's timely state post-conviction application. However, this federal habeas petition was not filed until the fall of 2011, well after the limitations period had

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

expired, and the district court saw no basis for equitable tolling.

In his request for a certificate of appealability, Petitioner mainly raises arguments going to the merits of his federal habeas petition. On the timeliness issue, he does not contest the district court's calculation of the limitations period, but only suggests he should receive equitable tolling because: (1) he attempted to file federal habeas petitions in January and June of 2008, but both petitions were dismissed without prejudice for failure to exhaust state court remedies; and (2) he did not understand the tolling and exhaustion issues because he has no legal training or access to legal assistance. Neither argument persuades us the district court erred in declining to equitably toll the limitations period. On the first point, even if the limitations period were to be equitably tolled for the periods during which Petitioner's timely filed federal petitions were pending, *see Hall v. Scott*, 292 F.3d 1264, 1267-68 (10th Cir. 2002), this would toll only a few months of the almost three-year period of delay. On the second point, "it is well established that ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing." *Marsh v. Soares*, 223 F.3d 1217, 1220 (10th Cir. 2000) (internal quotation marks omitted). Petitioner's arguments are insufficient to demonstrate "extraordinary circumstances" entitling him to equitable tolling. *See Yang v. Archuleta*, 525 F.3d 925, 930 (10th Cir. 2008).

After thoroughly reviewing the record and Petitioner's filings on appeal, we conclude that reasonable jurists would not debate the district court's dismissal of the habeas petition on timeliness grounds. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

We therefore do not consider Petitioner's arguments on the merits of his claims. *See id.*

For substantially the same reasons given by the district court, we **DENY** Petitioner's

request for a certificate of appealability and **DISMISS** the appeal. Petitioner's motion to

proceed *in forma pauperis* on appeal is **GRANTED**.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge