FILED
United States Court of Appeals
Tenth Circuit

January 7, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

FRANK EARL MARTINEZ,

          Petitioner - Appellant,

v.

JUSTIN JONES,

          Respondent - Appellee.

No. 13-6233
(W.D. Oklahoma)
(D.C. No. 5:12-CV-00398-M)

**ORDER**[*]

Before **TYMKOVICH**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Frank Earl Martinez was convicted in state court on charges of: (1) distribution of a controlled substance within 2000 feet of a public park, and (2) trafficking in illegal drugs. He applies for a certificate of appealability, and we deny the request.

Following the conviction, Mr. Martinez unsuccessfully appealed in state court. He then sought habeas relief in federal district court, challenging the sufficiency of the evidence on both charges. A United States Magistrate Judge issued a report, recommending denial of habeas relief and setting a deadline for

---

[*]    This order does not constitute precedent. 10th Cir. R. 32.1(A).

objections of September 9, 2013. On that day, Mr. Martinez filed an application for an extension of time; eight days later, he filed an objection to the magistrate judge's report. The federal district judge did not rule on the request for an extension of time. Nonetheless, the district judge conducted de novo review and adopted the magistrate judge's recommendation to deny habeas relief. This ruling led Mr. Martinez to apply for a certificate of appealability, which is required for an appeal. *See* 28 U.S.C. § 2253(c)(1)(A) (2006).

We can issue a certificate of appealability only if Mr. Martinez has made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2) (2006).

In the application for a certificate of appealability, Mr. Martinez argues only that his extension request was timely and that the district judge should not have regarded the objections as waived. Thus, Mr. Martinez asks us to "remand with directions that the District court conduct a de novo review of the magistrate's report." Appellant's Combined Opening Br. and App. for a Certificate of Appealability at 7 (Dec. 9, 2013).

The problem with the argument is that the district judge did not regard the objections as waived. Though the district judge commented in passing that the objection was filed eight days after the deadline, she did not say that the objections were waived. Thus, the district judge noted that she had reviewed the

2

magistrate judge's report de novo. And, as noted, Mr. Martinez has asked us only to remand the matter to the district judge to conduct de novo review.

Mr. Martinez appears pro se; as a result, we liberally construe his application for a certificate of appealability. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002) ("Because Hall has filed his application for a COA pro se, we construe his petition liberally."). But, we cannot advocate on his behalf or invent arguments that he has not made. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) ("[W]e do not believe it is the proper function of the district court to assume the role of advocate for the *pro se* litigant."); *In re Antrobus*, 563 F.3d 1092, 1099 (10th Cir. 2009) ("Under our rules we are not permitted to invent arguments even for *pro se* litigants."). Mr. Martinez has presented only one argument, which is based on a misreading of the district judge's order. And the district judge has already given Mr. Martinez what he has requested: de novo review of the magistrate judge's report.

Accordingly, we conclude that Mr. Martinez has not satisfied the requirements for a certificate of appealability and deny his request. Having decided to deny a certificate of appealability, we must dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

3