**Raymond J. HALL, Petitioner–Appellant,**

v.

**H.N. Sonny SCOTT, Respondent–Appellee.**

**No. 01–7156.**

United States Court of Appeals, Tenth Circuit.

June 12, 2002.

Submitted on the briefs: * Raymond J. Hall, pro se.

Before TACHA, Chief Judge, EBEL and LUCERO, Circuit Judges.

LUCERO, Circuit Judge.

Pro se petitioner Raymond J. Hall, an Oklahoma state prisoner, seeks a certificate of appealability ("COA") pursuant to 28 U.S.C. § 2253(c) to challenge the district court's dismissal of his petition for a writ of habeas corpus as untimely. Because we conclude that equitable tolling was not fully explored, we grant his request for a COA, reverse the dismissal of his petition as time-barred, and remand.

I

■ Hall was convicted of first-degree rape in Muskogee County District Court and had his sentence and judgment entered on May 7, 1998. On September 14, 1998, he filed a direct appeal with the Oklahoma Court of Criminal Appeals ("OCCA"). The OCCA affirmed his conviction on April 23, 1999. On November 8, 1999, Hall filed an application for post-conviction relief in Muskogee County District Court. This application was denied on February 29, 2000. On March 10, 2000, he filed a petition in error seeking to appeal the denial of his post-conviction application, and on April 6, 2000, the OCCA denied the petition. On April 19, 2000, Hall filed his first petition for a writ of habeas corpus in federal district court, along with an application to proceed in forma pauperis ("IFP"). On August 15, 2000, the district court denied Hall's IFP motion and ordered him to pay the five-dollar filing fee. Hall failed to pay the fee, and on January 24, 2001, the case was

* The case is unanimously ordered submitted without oral argument pursuant to Fed. R.App. P. 34(a)(2) and 10th Cir. R. 34.1(G).

dismissed without prejudice. On March 7, 2001, Hall filed the instant petition for a writ of habeas corpus,[1] which was dismissed as untimely by the district court. Hall seeks to appeal.

## II

 This Court may issue a COA only if an applicant "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Meeting this standard requires "a demonstration that ... includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel,* 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (quoting *Barefoot v. Estelle,* 463 U.S. 880, 893 n. 4, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983)). We review the legal conclusions of a district court in a habeas proceeding de novo. *Martin v. Kaiser,* 907 F.2d 931, 933 (10th Cir.1990). Because Hall has filed his application for a COA pro se, we construe his petition liberally. *Haines v. Kerner,* 404 U.S. 519, 520–21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

Congress has chosen to set a one-year period of limitations for the filing of an application for a writ of habeas corpus by a person in custody pursuant to a state court judgment, 28 U.S.C. § 2244(d)(1), with this limitations period ordinarily beginning to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244(d)(1)(A). In calculating the one-year limitations period, however, the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted." § 2244(d)(2).

We first note that Hall's conviction did not become final until July 22, 1999, ninety days after the OCCA denied his direct appeal. *See Locke v. Saffle,* 237 F.3d 1269, 1273 (10th Cir.2001) (holding that a conviction becomes final for habeas purposes when the ninety-day period for filing a petition for a writ of certiorari to the United States Supreme Court has expired); *see also* Sup.Ct. R. 13. The period of limitations thus began to run on July 22, 1999. Pursuant to § 2244(d)(2), however, the period was tolled between November 8, 1999, when Hall filed his state application for post-conviction relief, and April 6, 2000, when the OCCA affirmed the denial of the application. *See Barnett v. Lemaster,* 167 F.3d 1321, 1323 (10th Cir.1999) (refusing to narrowly define the term "pending" in § 2244(d)(2) to mean "only the time during which an application for post-conviction relief remains unresolved by a state district court," and instead concluding that "the term must be construed more broadly to encompass all of the time during which a state prisoner is attempting, through proper use of state court procedures, to exhaust state court remedies with regard to a particular post-conviction application"). The period of limitations thereupon resumed running, but when Hall filed his first habeas petition in federal court on April 19, 2000, he was well within the one-year deadline set forth in § 2244(d)(1)(A).[2]

As noted above, on August 15, 2000, the district court refused Hall's IFP motion

---

**1.** Hall's petition was received by the district court on March 19, 2001, but pursuant to the "mailbox rule," a prisoner's papers are considered filed as of the date he delivers them to prison officials for mailing. *See Houston v. Lack,* 487 U.S. 266, 276, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988).

**2.** Excluding the tolled days, Hall filed his first habeas petition 122 days after his conviction became final.

and on January 24, 2001, dismissed his habeas petition for failure to either pay the filing fee or show cause why he did not have the assets to pay the fee. Hall admits that he did not pay the fee, but claims that the wording of the district court's order led him to believe that the prison was responsible for paying the fee to the court by transferring money from his prison account. We find no merit to this contention. The court's boilerplate order states that Hall

> is ordered to forward the $5.00 filing fee to the Court Clerk on or before the 5th day of September 2000, or show cause by that date why he/she does not have the assets with which to pay the filing fee. The agency having custody of petitioner is ordered to release funds from petitioner's accounts, including petitioner's trust account, for payment of the filing fee. Failure to pay the filing fee or show cause why the fee cannot be paid will subject this action to dismissal.
>
> IT IS FURTHER ORDERED that the Clerk of the Court send a copy of this order to petitioner's custodian and the trust fund officer at his institution.

(R. Doc. 7 Ex. J at 1.) It is clear from the language of the order that it was solely Hall's responsibility to pay the filing fee or else explain why he was unable to do so.

■ On March 7, 2001, forty-two days after his first habeas petition was dismissed without prejudice, Hall refiled his habeas petition in district court. The court, however, dismissed the petition as untimely, noting the holding of a recent Supreme Court case that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)," and that therefore the section does "not toll the limita-

tions period during the pendency of [a petitioner's] first federal habeas petition." *Duncan v. Walker*, 533 U.S. 167, 181–82, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). According to the district court, because the statute was not tolled while Hall's first habeas petition was under review in the court, the refiling of his petition was out of time.[3]

■ Hall contends that the district court should have applied the equitable tolling doctrine to his case and that its failure to do so makes dismissal of his petition improper. We intend no suggestion on the merits, but agree that whether equitable tolling applies in this case is the proper inquiry. "It must be remembered that § 2244(d) is not jurisdictional and as a limitation may be subject to equitable tolling." *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998). Although the Supreme Court has concluded that the limitations period of § 2244(d)(2) is not tolled by statute during the pendency of a first habeas petition, the Court's construction of this section of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") does not preclude a federal court from exercising its equitable powers. As Justice Stevens noted in his concurring opinion in *Duncan*,

> [N]either the Court's narrow holding, nor anything in the text or legislative history of AEDPA, precludes a federal court from deeming the limitations period tolled for [a first habeas] petition as a matter of equity. The Court's opinion does not address a federal court's ability to toll the limitations period apart from § 2244(d)(2). Furthermore, a federal court might very well conclude that tolling is appropriate based on the reasonable belief that Congress could not have

---

**3.** Excluding tolled time but including the 280 days that elapsed while his first habeas petition was pending, Hall's second habeas petition was filed 444 days after his conviction became final.

intended to bar federal habeas review for petitioners who invoke the court's jurisdiction within the 1 year interval prescribed by AEDPA.

533 U.S. at 183, 121 S.Ct. 2120 (Stevens, J., concurring in part and in the judgment). In the present case we do not reach the question of whether equitable tolling is always appropriate where a petitioner has timely filed his first habeas petition, because equitable tolling would appear to be warranted on other grounds.

We have already noted that the filing of Hall's first habeas petition was well within the limitations period set out in AEDPA. At the time of the dismissal of his first petition on January 24, 2001, the law in this Circuit was that "a federal habeas petition is 'other collateral review' that tolls the one-year limitations period under § 2244(d)(2)." *Petrick v. Martin,* 236 F.3d 624, 629 (10th Cir.2001). The Supreme Court's contrary holding in *Duncan* was not issued until June 18, 2001, nearly five months after Hall's habeas petition was refiled. Under the rule of *Petrick,* his second petition was indisputably filed well within the one-year period of limitations set forth in AEDPA.[4] We thus conclude that the district court should have evaluated whether Hall is entitled to the benefits of equitable tolling for having "diligently pursue[d] his claims and demonstrate[d] that the failure to timely file was caused by extraordinary circumstances beyond his control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir.2000), *cert. denied,* 531 U.S. 1194, 121 S.Ct. 1195, 149 L.Ed.2d 110 (2001).[5]

**III**

Having concluded that Hall has made a substantial showing of the denial of a constitutional right, his application for a COA is **GRANTED,** the district court's dismissal of his petition for habeas corpus as time-barred is **REVERSED,** and this matter is **REMANDED** for reconsideration of whether equitable tolling is warranted. Hall's IFP motion is **GRANTED.**

---

4. Tolling the time his first petition was under review in the district court, Hall's second petition was filed 164 days after his conviction became final.

5. We note, however, that we find no merit to Hall's separate and distinct claim that the statute should be equitably tolled due to his

prolonged confinement to the psychiatric ward of his prison and his resulting inability to pursue his claims with diligence. As the district court noted, this argument is fatally undercut by the fact that Hall managed to file two habeas petitions during his tenure in the psychiatric ward. (R. Doc. 15 at 5.)