**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

LARRY JOE PARNELL, JR.,

Petitioner - Appellant,

v.

STATE OF OKLAHOMA; COUNTY
OF OKLAHOMA; RON WARD,

Respondents - Appellees.

No. 05-6083
(D.C. No. CIV-04-1453-F)
(W.D. Okla.)

**ORDER**
**DENYING CERTIFICATE OF APPEALABILITY**

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

Larry Joe Parnell, Jr., an inmate appearing pro se, seeks a certificate of appealability ("COA") to appeal from the district court's denial of his habeas petition filed pursuant to 28 U.S.C. § 2254. On appeal, Mr. Parnell claims that he received constitutionally defective trial and appellate counsel and was denied due process and equal protection in state post-conviction proceedings thereby warranting consideration of his federal claims. He contends that the district court wrongly dismissed his petition as untimely. Because Mr. Parnell has not made a "substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2); <u>Slack v. McDaniel</u>, 529 U.S. 473, 483-84 (2000), we deny a COA

and dismiss the appeal.

Mr. Parnell was convicted, after a jury trial, of trafficking in illegal drugs (Count I), possession of a firearm during the commission of a felony (Count II), and two counts of possession of drug paraphernalia (Counts III and V). He was sentenced to serve fourteen years on Count I, two years on count II, and one year each on Counts III and V. Counts I and II ran consecutively, with the sentences on Counts III and V running concurrently with each other and with the sentence imposed for Count I. Fines were also imposed. On April 25, 2002, the Oklahoma Court of Criminal Appeals ("OCCA") affirmed the judgment and sentence. R. Doc. 7, Ex. 3. On January 22, 2004, Mr. Parnell sought post-conviction relief in state district court. The district court's denial of post-conviction relief was affirmed by the OCCA on June 17, 2004. R. Docs. 5 & 7.

Mr. Parnell filed his federal habeas petition on October 28, 2004. The magistrate judge recommended that the petition be dismissed as time barred pursuant to the one-year limitation period in 28 U.S.C. § 2244(d)(1). Mr. Parnell's conviction became final on July 25, 2002 (90 days after the judgment in his direct criminal appeal), and the one-year limitation period expired on July 25, 2003. See Hall v. Scott, 292 F.3d 1264, 1266 (10th Cir. 2002). State post-conviction proceedings did not toll the one-year period because they commenced after the limitation period expired. 28 U.S.C. § 2244(d)(2); Fisher v. Gibson, 262

2

F.3d 1135, 1142-43 (10th Cir. 2001). The magistrate judge also rejected equitable tolling. Mr. Parnell objected to the report and recommendation, which the district court adopted, dismissing the petition as time-barred.

Where the district dismisses a petition on procedural grounds, a COA requires the inmate to demonstrate that it is reasonably debatable whether (1) the petition states a valid claim of the denial of a constitutional right, and (2) the district court's procedural ruling is correct. Slack, 529 U.S. at 484; see also Miller-El v. Cockrell, 537 U.S. 322, 327 (2003). A petitioner's failure to know about the one-year limitation period does not constitute the rare and exceptional circumstances where equitable tolling might be appropriate. See Burger v. Scott, 317 F.3d 1133, 1141-44 (10th Cir. 2003). The district court's procedural ruling is not reasonably debatable.

We DENY Mr. Parnell's application for a COA and DISMISS the appeal.


Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge


3