FILED
United States Court of Appeals
Tenth Circuit

**February 4, 2010**

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

CHRISTOPHER DEE,

      Petitioner - Appellant,

      v.

JAMES JANECKA, Warden;
ATTORNEY GENERAL OF THE
STATE OF NEW MEXICO,

      Respondents - Appellees.

No. 09-2235
(D. Ct. No. 1:09-CV-00422-BB-RLP)
(D. N. Mex.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **TACHA**, **TYMKOVICH**, and **GORSUCH**, Circuit Judges.

---

After examining the briefs and the appellate record, this three-judge panel has

determined unanimously that oral argument would not be of material assistance in the

determination of this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The

case is therefore ordered submitted without oral argument.

Petitioner-appellant Christopher Dee, a state prisoner proceeding pro se, seeks a

certificate of appealability ("COA") to challenge the district court's dismissal of his

habeas corpus petition brought under 28 U.S.C. § 2254. We have jurisdiction under 28

---

[*]This order and judgment is not binding precedent except under the doctrines of
law of the case, res judicata and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

U.S.C. § 1291, DENY Mr. Dee's application for a COA, and DISMISS his petition.

## I.

In 2006, a jury convicted Mr. Dee of first degree murder, armed robbery, and various other charges stemming from the shooting of two men in a New Mexico park. The trial court sentenced Mr. Dee to a fifty-eight year term of imprisonment and Mr. Dee appealed from his convictions in state court. On direct appeal, Mr. Dee claimed that he was denied his constitutional right to a speedy trial, he was denied due process based on prosecutorial misconduct, and there was insufficient evidence to sustain his conviction. Ultimately, the New Mexico Supreme Court rejected Mr. Dee's arguments and affirmed his convictions.

Mr. Dee then sought to collaterally attack his convictions by filing a state habeas corpus petition in which he raised substantially the same arguments he had raised in his direct appeal. After the state district court summarily dismissed his state habeas petition, Mr. Dee timely filed a federal habeas petition pursuant to 28 U.S.C. § 2254. After adopting the report and recommendation of the magistrate judge, the district court dismissed Mr. Dee's § 2254 petition and subsequently denied his application for a COA. Mr. Dee now seeks a COA from this court so that he may appeal from the dismissal of his federal habeas petition.

## II.

A federal circuit court does not have appellate jurisdiction to consider the merits of a § 2254 habeas petition until a COA is issued. 28 U.S.C. § 2253(c)(1)(A). A COA may

only be issued if the petitioner makes a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To satisfy this burden, a petitioner must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). Although a petitioner seeking a COA does not bear the burden of proving that his habeas petition will succeed on the merits, he "must prove something more than the absence of frivolity or the existence of mere good faith." *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003) (quotations omitted). Additionally, although we construe pro se applications for a COA liberally, *Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), a petitioner's pro se status does not relieve him of his burden to make a substantial showing of a constitutional violation.

Mr. Dee fails to carry his burden in this case. In his application for a COA Mr. Dee claims five constitutional violations arising from his confinement: (1) ineffective assistance of counsel; (2) prosecutorial misconduct; (3) judicial bias; (4) insufficient evidence; and (5) fundamental error. The materials Mr. Dee has submitted to this court, however, provide inadequate support for these alleged constitutional violations. For example, to support his claim of prosecutorial misconduct, Mr. Dee alleges that during opening statements the prosecutor "assured the jury that the evidence would show beyond a reasonable doubt that [Mr. Dee] committed the offenses, only because [Mr. Dee] was found to be in possession of items taken from one of the victims." Similarly, Mr. Dee

makes only cursory claims of ineffective assistance of counsel, insufficiency of the evidence, and judicial bias, and he cannot point to any specific facts that support these constitutional claims. Such cursory allegations, even when made by a pro se petitioner, do not approach the substantial showing of the denial of a constitutional right that Mr. Dee must make before we may issue a COA. Accordingly, we conclude that he has not shown that reasonable jurists could debate whether his petition should have been resolved differently, and we deny his application for a COA.

## III.

For the foregoing reasons, we DENY Mr. Dee's application for a COA and DISMISS his § 2254 habeas petition.

ENTERED FOR THE COURT,


Deanell Reece Tacha
Circuit Judge