FILED
United States Court of Appeals
Tenth Circuit

April 11, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

　　　　Plaintiff - Appellee,

v.

STEVEN MICHAEL WELLS,

　　　　Defendant - Appellant.

No. 13-4160
(D.C. Nos. 1:12-CV-00256-DB and
1:08-CR-00008-DB-1)
(D. Utah)

**ORDER**[*]

Before **KELLY**, **ANDERSON**, and **BACHARACH**, Circuit Judges.

Mr. Steven Michael Wells pleaded guilty to unlawful possession of a firearm under 18 U.S.C. § 922(g)(1). After sentencing, he moved for vacatur under 28 U.S.C. § 2255, and the district court denied the motion. This ruling prompted filings in both our court and the state district court. In our court, Mr. Wells has appealed, applied for a certificate of appealability, and moved for leave

---

[*]　　　The present order does not constitute binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. The order may be cited, however, for its persuasive value.

to proceed in forma pauperis; in state district court, Mr. Wells moved for a new trial.  Based on that motion, he asks us to stay the briefing schedule.

We grant leave to proceed in forma pauperis because Mr. Wells is indigent. But we can entertain the appeal only if Mr. Wells is entitled to a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(1)(B) (2012).  Holding that he is not entitled to a certificate, we dismiss the appeal and deny the motion for a stay.

## Leave to Proceed in Forma Pauperis

Mr. Wells lacks enough money to pay the filing fee.  Thus, we grant his application for leave to proceed in forma pauperis.

## Standard for a Certificate of Appealability

To obtain a certificate of appealability, Mr. Wells must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2) (2012). This showing exists only if "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

## Mr. Wells's Arguments for a Certificate of Appealability

In his § 2255 motion, Mr. Wells claimed that the probation office and district judge had erroneously calculated the guideline range and that defense

counsel should have objected to the calculations. In the appeal, Mr. Wells narrows his argument, stating that the district court should have calculated the criminal history score as 11, rather than 20. Mr. Wells adds that if he had known that he was subject to a lower criminal history score (with a lower guideline range), he would have declined the plea offer and held out for a better one. This argument would be rejected by any reasonable jurist.

The underlying claim involves ineffective assistance of counsel. For this claim, Mr. Wells must show that his attorney's failure to object to the guideline calculations was deficient and prejudicial. *See United States v. Rushin*, 642 F.3d 1299, 1302 (10th Cir. 2011).

A jurist applying this standard would examine Mr. Wells's complaints about the district court's guideline calculation. Mr. Wells complains that the court incorrectly included:

- seven points for five "Class B" misdemeanors and
- two points for two third-degree felonies.

Appellant's Appl. for a Cert. of Appealability at 2 (Jan. 24, 2014). Though he states these offenses shouldn't count, he does not say why they wouldn't. But Mr. Wells is *pro se*; thus, we liberally construe his application for a certificate of appealability. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002) ("Because

3

Hall has filed his application for a COA pro se, we construe his petition liberally.").

In liberally construing the application, we look to the entirety of the document. Mr. Wells apparently bases his argument on U.S. Sentencing Guideline § 1B1.9 and § 4A1.2, for a copy of § 1B1.9 is included in the application and both sections were invoked in the district court. Appellant's Appl. for a Cert. of Appealability at 2(A) (Jan. 24, 2014); R. vol. 1, at 6. He misreads both sections, as the district court explained.

In the § 2255 motion, Mr. Wells argued that under § 1B1.9, "Class A, Class B, and infractions are not used for Criminal History Points." R. vol. 1, at 6. This argument reflects confusion over the guidelines. Section 1B1.9 does not address criminal history; instead, this section addresses the applicability of the guidelines to the present conviction. Under § 1B1.9, the guidelines do not apply to Class B and Class C misdemeanors. *See* U.S. Sentencing Guidelines Manual § 1B1.9 (2011). But this provision does not apply because Mr. Wells's underlying conviction was unlawful possession of a firearm, which was not a misdemeanor.[1]

Because § 1B1.9 does not apply, we look elsewhere in the guidelines to determine if the five prior misdemeanor convictions would count toward the criminal-history points. In § 4A.2(c), the guidelines provide that "[s]entences for

---

[1]     Conviction under § 922(g) was punishable by imprisonment up to ten years. *See* 18 U.S.C. § 924(a)(2) (2006). With a maximum of at least ten years, the offense was a "Class C felony." 18 U.S.C. § 3559(a)(3) (2006).

misdemeanor[s] . . . are counted" unless an exception applies. *See* U.S. Sentencing Guidelines Manual § 4A1.2(c) (2011). And, Mr. Wells does not suggest an exception applies. Thus, the district court did not err in counting the five prior misdemeanor convictions.

Mr. Wells also states that two third-degree felony convictions[2] were erroneously included in the criminal-history calculation. In his § 2255 motion, he argued that: (1) the two convictions wouldn't count separately because the sentences were concurrent, and (2) each offense had accounted for 3 points but should have totaled 3 points "between them." R. vol. 1, at 6-7. Then, in his reply brief, he changed the argument. There he contended that each of the 1999 convictions should have been assessed 2 points, rather than 3. *Id.* at 49.

In the appeal, Mr. Wells apparently renews the position he had taken in the reply brief filed in district court: that each of the 1999 convictions should have been assessed 2 points, not 3. Appellant's Appl. for a Cert. of Appealability at 2 (Jan. 24, 2014).

---

[2]    These convictions consisted of:

- possession with intent to distribute a controlled substance (Mar. 30, 1999) and

- illegal possession/use of a controlled substance (Dec. 16, 1999).

Appellant's Appl. for a Cert. of Appealability at 2 (Jan. 24, 2014); *see* R. vol. 3, at 47-48.

This position is untenable under the guidelines. When the sentence involves imprisonment for more than 13 months, the guidelines require an assessment of 3 points. *See* U.S. Sentencing Guidelines Manual § 4A1.1(a) (2011). When the sentence is between 60 days and 13 months, 2 points are assessed. *See id.* § 4A1.1(b).

Presumably, Mr. Wells believes that each conviction should account for 2 points, rather than 3, because the judge sentenced him to 180 days in the first case and suspended the sentence in the second one. R. vol.3, at 47-48. If this is Mr. Wells's thinking, however, it would not take into account what happened later.

In both cases, the court revoked probation and resentenced Mr. Wells on November 28, 2000, to imprisonment for 0-5 years. *Id.* For an indeterminate sentence of 0-5 years, the term of imprisonment is considered 5 years under the guidelines. U.S. Sentencing Guidelines Manual § 4A1.2 appl. note 2 (2011). The 5-year term exceeds the 13-month threshold required for a criminal-history score of 3.[3]

---

[3]     In both cases, Mr. Wells obtained parole on the indeterminate sentence and had the parole revoked twice. R. vol. 3, at 47-48. With the first revocation, Mr. Wells was reincarcerated an additional 133 days; with the second revocation, he was reincarcerated an additional 273 days. *Id.* Thus, in both cases, Mr. Wells was imprisoned a total of 406 days after revocation of his parole.

When parole is revoked, the guidelines require the court to assess the criminal-history score by "add[ing] the original term of imprisonment to any term

Defense counsel had little reason to object to the scoring of the 1999 convictions. If counsel had objected, the court would likely have overruled the objection because it would have been invalid. Accordingly, the attorney did not act deficiently and his conduct did not prejudice Mr. Wells. In these circumstances, any reasonable jurist would reject the ineffective-assistance claim based on the scoring of the two convictions in 1999.

Disposition

We grant the application for leave to proceed in forma pauperis. But, we conclude that Mr. Wells has not made a substantial showing of the denial of a constitutional right. Thus, we deny his request for a certificate of appealability and dismiss the appeal. In light of this dismissal, we deny Mr. Wells's request for a stay.

Entered for the Court

Robert E. Bacharach
Circuit Judge

of imprisonment imposed upon revocation." U.S. Sentencing Guidelines Manual § 4A1.2(k) (2011). Thus, these 406 days are added to any other periods of imprisonment under the guidelines. Because 406 days exceed 13 months, each of the 1999 convictions would be assessed 3 points even without consideration of the indeterminate sentences of 0-5 years.