**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**December 17, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

CHARLES E. JONES,

      Petitioner - Appellant,

v.

WYOMING STATE PENITENTIARY
WARDEN, a/k/a Eddie Wilson,

      Respondent - Appellee.

No. 14-8036
(D.C. No. 2:13-CV-00092-SWS)
(D. Wyo.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **KELLY**, **ANDERSON**, and **TYMKOVICH**, Circuit Judges.

---

Charles E. Jones, a Wyoming state prisoner proceeding pro se, seeks a

Certificate of Appealability ("COA") in order to appeal the dismissal of his 28 U.S.C.

§ 2254 habeas petition.  Exercising our jurisdiction under 28 U.S.C. §§ 1291 and

2253(a), we deny Mr. Jones a COA and dismiss the matter.

---

[*]     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

**BACKGROUND**

A Wyoming jury convicted Mr. Jones of one count of first-degree murder and one count of aggravated robbery with a deadly weapon. He was sentenced to life imprisonment without the possibility of parole. On direct appeal, the Wyoming Supreme Court affirmed his conviction and sentence.

Following the Wyoming Supreme Court's decision affirming his conviction and sentence, Mr. Jones filed a petition for post-conviction relief in Wyoming state district court presenting claims of ineffective assistance of appellate counsel. The state district court denied his petition in part, and dismissed in part.

The Wyoming Supreme Court rejected his motion for extension of time to file a petition for review from the district court's order. He then filed an untimely petition for review. The Wyoming Supreme Court summarily denied the petition, and rejected his attempt to reinstate it.

Mr. Jones then filed this § 2254 petition. The district court denied his requests for an evidentiary hearing, granted the state's motion for summary judgment, and dismissed the petition.

**ANALYSIS**

Before Mr. Jones can challenge the district court's dismissal of his habeas petition, he must first obtain a COA. *See Miller–El v. Cockrell*, 537 U.S. 322, 335-36 (2003); § 2253(c)(1)(A). The granting of a COA is a jurisdictional prerequisite to his appeal. *See Miller–El*, 537 U.S. at 336. We will only issue a COA

upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

We liberally construe Mr. Jones's pro se request for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). Where a federal district court denies one or more habeas claims on the merits, a COA should issue if the petitioner shows "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a claim is denied on procedural grounds, a COA should issue concerning that claim only when the prisoner shows "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* We review the district court's denial of an evidentiary hearing for an abuse of discretion. *Fairchild v. Workman*, 579 F.3d 1134, 1147 (10th Cir. 2009).

Mr. Jones's first three claims concern procedural aspects of the district court's decision: its denial of an evidentiary hearing; its alleged error "in granting the Respondent's motion to dismiss without assuming all facts pleaded by the petitioner to be true," Brief & App. for COA at 13; and its grant of summary judgment even though Mr. Jones alleges there was a dispute of material fact. He also challenges the denial of three claims for federal habeas relief involving claims that he presented on direct appeal in state court, challenging the jury instructions used at his trial, the

- 3 -

sufficiency of the evidence to convict him, and prosecutorial misconduct.  Finally, he claims that the state district court improperly denied his petition for post-conviction relief, and that the Wyoming Supreme Court improperly rejected his petition for review from that denial.

Having reviewed Mr. Jones's Combined Brief of Appellant and Application for Certificate of Appealability, the record on appeal, and the applicable law in light of the above-referenced standards, the panel determines that Mr. Jones has failed to show his entitlement to a COA.  The Wyoming courts' legal and factual determinations are not unreasonable applications of law or fact as required by 28 U.S.C. § 2254.

In particular, the Wyoming Supreme Court rejected Mr. Jones's attack on the jury instruction defining the robbery charge given at his trial, finding that the alleged errors were harmless.  It concluded there was sufficient evidence to support his conviction for robbing the victim.  It further determined that he failed to demonstrate prosecutorial misconduct based on the prosecutor's comments during voir dire and during his rebuttal closing argument to the jury.  The federal district court found that Mr. Jones failed to show that these determinations rested on any unreasonable application of law or fact.  We agree, and conclude that Mr. Jones has failed to show that reasonable jurists would find it debatable concerning whether his petition states a valid claim of the denial of a constitutional right concerning these claims.

Nor has Mr. Jones shown any debatable issue concerning the district court's denial of an evidentiary hearing or its grant of summary judgment in favor of the respondent. The district court determined that Mr. Jones failed to satisfy the test for obtaining an evidentiary hearing to permit further factual development in federal court concerning his claims. *See* 28 U.S.C. § 2254(e)(2). The district court properly resolved this case on the facts developed in state court and did not abuse its discretion in denying an evidentiary hearing.

Finally, although the Wyoming Supreme Court did not provide explicit reasoning for its decision denying Mr. Jones's petition for writ of review, that court essentially affirmed the state district court's decision denying his petition for post-conviction relief. His petition raised two claims of ineffective assistance of appellate counsel, asserting that counsel should have raised claims on appeal involving the state's alleged withholding of evidence and the prosecution's presentation of improper rebuttal evidence. The district court properly denied relief concerning these claims. Mr. Jones failed to show a reasonable probability of a different outcome had counsel included the claims on appeal.

## CONCLUSION

We deny Mr. Jones's application for COA and dismiss this appeal.

Entered for the Court

Timothy M. Tymkovich
Circuit Judge

- 5 -