FILED
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

ARTHUR BOWLES,

     Petitioner - Appellant,

v.

STATE OF KANSAS; ATTORNEY
GENERAL OF KANSAS,

     Respondents - Appellees.

No. 16-3237
(D.C. No. 5:15-CV-03049-JTM)
(D. Kan.)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY
AND DISMISSING THE APPEAL**

Before **LUCERO**, **MATHESON**, and **BACHARACH**, Circuit Judges.

Mr. Arthur Bowles was convicted in state court on charges of attempted aggravated criminal sodomy, aggravated indecent solicitation, and lewd and lascivious behavior. He unsuccessfully sought a writ of habeas corpus in federal district court. To appeal, Mr. Bowles requests a certificate of appealability. We deny this request and dismiss the appeal.

I.    **Standard for a Certificate of Appealability**

To obtain a certificate of appealability, Mr. Bowles must make "a substantial showing of the denial of a constitutional right." 28 U.S.C.

§ 2253(c)(2) (2012). Mr. Bowles meets this standard only if "jurists of reason could disagree with the district court's resolution of his constitutional claims or . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

The Court applies this standard in light of Mr. Bowles's burden to justify habeas relief. This burden is steep when the state appeals court has rejected his claims on the merits. A federal district court can grant habeas relief in these circumstances only if the petitioner establishes that the state court decision

- was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or

- "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

28 U.S.C. § 2254(d)(1)-(2) (2012).

## II. Mr. Bowles's Arguments for a Certificate of Appealability

Because Mr. Bowles is *pro se*, we liberally construe his application for a certification of appealability. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002) ("Because Hall has filed his application for a COA pro se, we construe his petition liberally."). Mr. Bowles seeks a certificate of appealability on his claims of (1) deprivation of due process based on a suggestive photo line-up, (2) deprivation of due process based on denial of

2

expert assistance at trial, (3) ineffective assistance of counsel, and (4) errors in sentencing. Mr. Bowles also asserts actual innocence and insufficiency of evidence of guilt. Because reasonable jurists could not debate the district court's denial of habeas relief, the Court declines to issue a certificate of appealability.

### A.    Suggestive Photo Lineup

Mr. Bowles alleges denial of due process from the use of an unduly suggestive photo line-up. The Kansas Court of Appeals declined to address the issue, holding that Bowles had failed to preserve the issue. *State v. Bowles*, No. 96,107, 2007 WL 2239255, at *2 (Kan. Ct. App. Aug. 3, 2007). The district court properly treated this holding as an independent and adequate state procedural ground. Thus, the district court could not grant habeas relief unless Mr. Bowles demonstrated (1) cause for the default and prejudice or (2) a fundamental miscarriage of justice from failure to consider the claim. *Coleman v. Thompson*, 501 U.S. 722, 750 (1991).

Mr. Bowles alleges cause based on ineffective assistance of counsel. For this allegation, Mr. Bowles must show both that his attorney's performance was deficient and prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687-88 (1984). The state appeals court held that Mr. Bowles had failed to demonstrate ineffectiveness of counsel.

3

The federal district court agreed and concluded that Mr. Bowles had not shown cause for the procedural default. This conclusion was not reasonably debatable. As a result, we decline to issue a certificate of appealability on the issue involving use of an unduly suggestive lineup.

**B.    Expert Assistance**

Mr. Bowles alleges a deprivation of due process from the denial of expert assistance at trial. The state appeals court concluded that Mr. Bowles had procedurally defaulted on this claim.

Again, Mr. Bowles alleges ineffective assistance of counsel as cause for the default. The state appeals court rejected this argument, and the federal district court upheld this analysis as a reasonable application of clearly established federal law. This analysis is not reasonably debatable. Thus, we decline to issue a certificate of appealability on this issue.

**C.    Ineffective Assistance of Counsel**

Mr. Bowles also alleges ineffective assistance of counsel. The federal district court rejected the allegation, holding that the state appeals court reasonably applied Supreme Court precedent. This holding is not reasonably debatable. Thus, we decline to issue a certificate of appealability on this issue.

**D.    Sentencing Errors**

Mr. Bowles challenges the sentence, claiming that the state court failed to obtain required jury findings and imposed excessive punishments

4

for multiple offenses involving the same conduct. The federal district court held that these claims are procedurally barred. In our view, this holding is not reasonably debatable. As a result, we decline to issue a certificate of appealability on this issue.

### E. Sufficiency of Evidence and Actual Innocence

Mr. Bowles alleges (1) insufficiency of the evidence on guilt and (2) actual innocence. The district court concluded that Mr. Bowles had failed to satisfy his burden under Supreme Court precedent. This conclusion was not reasonably debatable. As a result, we decline Mr. Bowles's request for a certificate of appealability on the claims of insufficient evidence and actual innocence.

## III. Disposition

We deny Mr. Bowles's request for a certificate of appealability and dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge

5