**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 7, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

CURTIS DEE PACKARD,

     Petitioner - Appellant,

v.

BARRY GOODRICH; THE ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 17-1349
(D.C. No. 1:17-CV-00835-RBJ)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **BRISCOE**, **HARTZ**, and **McHUGH**, Circuit Judges.
_____

Curtis Dee Packard, a Colorado prisoner proceeding pro se, seeks to appeal the

district court's denial of his application for relief under 28 U.S.C. § 2254, which asserted

violations of his rights under the Sixth Amendment to the representation of counsel and

to confront a witness at trial. We deny a certificate of appealability (COA) and dismiss

the appeal.

## I.    State-Court Proceedings

Packard was indicted in December 2010 on multiple counts of theft and securities

fraud. After two private attorneys withdrew, he applied for a public defender. An

_____

[*] This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

attorney from the public defender's office advised the trial court that Packard qualified for indigent defense counsel and entered his appearance. But the public defender later moved to withdraw, stating that Packard's application was incomplete and that he had failed, despite repeated requests, to provide the necessary financial documentation. Although Packard disputed the public defender's claims, he did not object to the withdrawal. He instead asked for alternative counsel, indicating that he could provide additional information for his application. The court granted the public defender's motion to withdraw and then arraigned Packard. In response to Packard's objection asserting his right to counsel, the court advised him that he was responsible for retaining counsel and invited him to submit a public-defender application directly to the court.

Although Packard acknowledges that the trial court repeatedly encouraged him to do so, he declined to submit a new application for representation by the public defender. He continued to appear pro se at subsequent hearings, while the court continued to inquire about the possibility of appointing counsel for him. The trial court ultimately expressed concern that, by his conduct, Packard was effectively waiving his right to counsel. It inquired about his understanding of his right to counsel and the charges against him. Meanwhile, Packard steadfastly maintained his position that his rights had been violated and that he was not representing himself voluntarily.

When Packard appeared pro se on the first day of trial, the court questioned him again regarding his understanding of his right to counsel and the consequences of proceeding pro se. It also asked about his education, reconfirmed his understanding of the charges and potential penalties, reviewed his trial-related rights, and cautioned that he

would be expected to comply with procedural rules. After Packard reiterated his position that he had not waived his right to counsel, the trial court found, based on the history of the case and the totality of the circumstances, that he had "knowingly and willfully undertaken a course of conduct evincing unequivocal intent to relinquish or abandon his right to legal representation in [the] case." R., Vol. 3 at 295. Packard remained pro se throughout the trial and at his sentencing.

During the trial Packard objected when the prosecution sought to admit the deposition testimony of its expert witness. The deposition had been taken under the authority of Colorado Criminal Procedure Rule 15, which permits a deposition if the witness "may be unable to attend a trial or hearing and it is necessary to take that person's deposition to prevent injustice." After confirming that Packard's only objection was to the taking of the deposition under Rule 15 (and not to whether the witness was available for trial), the court admitted the deposition testimony. The jury convicted Packard on all counts.

The Colorado Court of Appeals (CCA) affirmed Packard's conviction. It agreed with the trial judge that "Packard waived his right to counsel because the court gave him two years to retain private counsel and numerous opportunities to fill out an application proving indigency. He did neither." R., Vol. 2 at 335. Also, it rejected Packard's contention that the trial court erred by allowing the public defender to withdraw without the court's making findings supporting its determination that Packard was not indigent. The CCA ruled that the trial court did not make a nonindigency finding. Rather, "[t]he trial court decided not to appoint counsel because Packard's application was incomplete."

3

*Id.* at 336. And it rejected his contentions that the trial court erred in failing to appoint standby counsel, holding that "a defendant who elects to proceed pro se and waives the right to counsel does not have a constitutional right to advisory counsel." *Id.* at 337 (internal quotation marks omitted).

Finally, the CCA held that Packard waived his contention that the trial court violated his constitutional right to confront a witness when it admitted the deposition testimony. It found that Packard had stated that he was not objecting to the admissibility of the deposition based on the witness's availability to testify at the trial but was challenging only the taking of the deposition before trial.

## II.    District Court's Ruling

To obtain habeas relief under § 2254, Packard must show that the CCA's adjudication of his claims:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The district court held that Packard failed to satisfy either of these standards with respect to the CCA's denial of his right-to-counsel claims. As for Packard's Confrontation Clause claim, the court held that it was procedurally barred. It determined that Packard had "fail[ed] to demonstrate that the waiver rule applied by the Colorado Court of Appeals to reject his Confrontation Clause claim is not independent

4

and adequate," R., Vol. 1 at 168, and that he had not shown cause and prejudice or a fundamental miscarriage of justice excusing his default.

## III.    Disposition

To obtain a COA, Packard must make "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Because the district court denied Packard's right-to-counsel claims on the merits, he "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  To appeal the district court's dismissal of his Confrontation Clause claim as procedurally barred, Packard must show that jurists of reason would find it debatable (1) "whether the petition states a valid claim of the denial of a constitutional right" and (2) "whether the district court was correct in its procedural ruling." *Id.*  Because Packard proceeds pro se, we liberally construe his application for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

For the reasons expressed by the CCA and the federal district court, Packard fails to show that jurists of reason would find debatable or wrong either the district court's denial of his right-to-counsel claims or the district court's procedural ruling dismissing his Confrontation Clause claim as procedurally barred.

We deny a COA and dismiss the appeal.

Entered for the Court


Harris L Hartz
Circuit Judge


5