**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 18, 2018**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROBERT R. YERTON, JR.,

    Petitioner - Appellant,

v.

JASON BRYANT, Warden,

    Respondent - Appellee.

No. 18-5034
(D.C. No. 4:15-CV-00130-GKF-PJC)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY[*]**
_____

Before **EID**, **KELLY**, and **O'BRIEN**, Circuit Judges.
_____

    Robert R. Yerton, Jr., a pro se Oklahoma inmate, wants to appeal from the

denial of his 28 U.S.C. § 2254 habeas application. *See* 28 U.S.C. § 2253(c)(1)(A).

We deny the certificate of appealability (COA) he seeks and dismiss this appeal.

    A jury convicted Yerton of two counts of child sexual abuse (Counts II and

III) and one count of lewd molestation (Count IV). He was sentenced consecutively

to twelve years on Count II, twelve years with the last four suspended on Count III,

and three years suspended on Count IV. The Oklahoma Court of Criminal Appeals

(OCCA) affirmed his convictions on direct appeal and denied his petition for

_____

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

rehearing. The state district court denied his application for post-conviction relief, which the OCCA affirmed.

Yerton then filed this pro se § 2254 application. He asserted sixteen grounds for relief, which the district judge consolidated into fourteen grounds. The district judge denied relief on all grounds and denied him a COA, but allowed him to proceed on appeal without prepayment of filing and docketing fees.

A COA may issue only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this burden, Yerton must show "that reasonable jurists could debate whether (or, for that matter, agree that) the [application] should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). If the application was denied on procedural grounds, he must not only show that jurists would debate "whether the petition states a valid claim of the denial of a constitutional right," but he must also show "that jurists of reason would find it debatable whether the district [judge] was correct in [his] procedural ruling." *Id.* If a claim was adjudicated on the merits in state court, that decision is entitled to deference: unless it "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," 28 U.S.C. § 2254(d)(1), (2).

2

We liberally construe Yerton's pro se materials. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). He seeks a COA on the following issues: (1) whether he received ineffective assistance of counsel; (2) whether he exhausted his due process claims in the Oklahoma courts; (3) whether inadmissible testimony was presented at trial, violating his right to due process; (4) whether his right to confront witnesses was violated; (5) whether the trial court permitted improper use of testimony from an excessive number of propensity witnesses; (6) whether he was convicted in the absence of sufficient evidence of every element of his crimes; (7) whether the trial court denied him due process by denying him permission to call an expert witness; and (8) whether the district judge relied on facts that were unsupported by the record. *See* Combined Opening Br. & App. for COA at 17-18.

We have reviewed the arguments in Yerton's COA application, his opening brief, the record on appeal, and the relevant legal authority. Reasonable jurists could not debate the propriety of the district judge's decision. We therefore deny his request for a COA and dismiss this appeal for substantially the reasons articulated in the district judge's cogent decision of March 23, 2018.

The relevant statute, 28 U.S.C. § 1915(a) permits an appeal to be taken without prepayment of fees, but does not waive the fees. Yerton is obligated to pay all filing and

docketing fees ($505). Payment is to be made to the Clerk of Court for the Northern

District of Oklahoma.

Entered for the Court


Terrence L. O'Brien
Circuit Judge

4