FILED
United States Court of Appeals
Tenth Circuit

September 21, 2022

Christopher M. Wolpert
Clerk of Court

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

 Plaintiff - Appellee,

v.

MARK EDWARD BROWN,

 Defendant - Appellant.

No. 21-6042
(D.C. Nos. 5:19-CV-00994-R &
5:06-CR-00153-R-1)
(W.D. Okla.)

_____

### ORDER AND JUDGMENT*
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Mark Edward Brown seeks a certificate of appealability (COA) to appeal the

district court's denial of his pro se motion to vacate, set aside, or correct his sentence

pursuant to 28 U.S.C. § 2255.  Because we conclude in light of the Supreme Court's

decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), that the district court's

denial of Brown's motion is debatable by reasonable jurists, we grant a COA.  *See*

*Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000) (stating COA standard).  Upon

---

 * After examining the combined brief/application for certificate of
appealability and appellate record, this panel has determined unanimously that oral
argument would not materially assist in the determination of this appeal.  *See*
Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered
submitted without oral argument.  This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel.  It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

consideration of Brown's appellate brief, we remand this case to the district court to consider in the first instance *Taylor*'s impact on Brown's § 2255 motion.

## Background

Brown was convicted in 2009 of attempted Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and brandishing a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Attempted Hobbs Act robbery was the predicate crime of violence underlying Brown's § 924(c) conviction. He was sentenced to 384 months' imprisonment. We affirmed Brown's convictions and sentence on appeal.

Brown filed a § 2255 motion arguing that his § 924(c) conviction for brandishing a firearm during a crime of violence is invalid under *United States v. Davis*, 139 S. Ct. 2319 (2019). *Davis* held that the definition of crime of violence in § 924(c)(3)(B)—the so-called residual clause—is unconstitutionally vague. *Id.* at 2336. The district court denied relief because, although *Davis* invalidated the residual clause, the Supreme Court left intact a separate definition of crime of violence—the so-called elements clause—in § 924(c)(3)(A). Under the elements clause, an offense qualifies as a crime of violence if it is a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The district court held that attempted Hobbs Act robbery is an offense that qualifies as a crime of violence under the elements clause. It therefore denied Brown's § 2255 motion and subsequently denied a COA.

While Brown's application for a COA was pending in this court, the Supreme Court granted a writ of certiorari in the case underlying its decision in *Taylor*. Because that case presented the issue whether attempted Hobbs Act robbery is a crime of violence under the § 924(c)(3)(A) elements clause, we abated this matter pending the Court's decision. We now lift the abatement and proceed to consider Brown's application for a COA.

## Grant of COA

Brown may not appeal the district court's denial of his § 2255 motion without obtaining a COA. *See* 28 U.S.C. § 2253(c)(1)(B). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2), by demonstrating "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further," *Slack*, 529 U.S. at 484 (internal quotation marks omitted). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* We liberally construe Brown's pro se COA Application. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).[1]

---

[1] We construe Brown's submission captioned "Supplement to Motion for a Certificate of Appealability" as a notice of supplemental authority filed under Federal Rule of Appellate Procedure 28(j) regarding the Supreme Court's decision in *Taylor*.

In *Taylor*, the Supreme Court held that attempted Hobbs Act robbery does not satisfy the elements clause in § 924(c)(3)(A).  142 S. Ct. at 2020 ("Whatever one might say about *completed* Hobbs Act robbery, *attempted* Hobbs Act robbery does not satisfy the elements clause.").  In light of the Supreme Court's decision in *Taylor*, reasonable jurists would debate the district court's denial of Brown's § 2255 motion. We therefore grant Brown a COA on a single issue:  whether attempted Hobbs Act robbery is a crime of violence under the § 924(c)(3)(A) elements clause.[2]

## Remand to the District Court

Rather than address in the first instance what the Court's decision means for Brown's § 2255 motion, we remand this case to the district court for further consideration in light of *Taylor*.

We grant Brown's application to proceed on appeal without prepayment of appellate fees and costs.  The Clerk shall issue the mandate forthwith.

Entered for the Court

Gregory A. Phillips
Circuit Judge

---

[2] We deny a COA on the remaining issues raised in Brown's COA Application.