FILED
United States Court of Appeals
Tenth Circuit

July 23, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

          Plaintiff-Appellee,

v.

WILLIS YAZZIE,

          Defendant-Appellant.

No. 14-2043
(D.C. No. 1:10-CR-01761-JB-1)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **HOLMES**, and **PHILLIPS**, Circuit Judges.

Willis Yazzie was charged with two counts of aggravated sexual abuse in violation of 18 U.S.C. §§ 1153, 2241(c), and 2246(2)(D). He entered into a plea agreement with the government, pleading guilty to one count of aggravated sexual abuse. The plea agreement stated that Mr. Yazzie was waiving his right to appeal his conviction and the sentence imposed. The district court sentenced Mr. Yazzie to a term of imprisonment of 188 months.

---

[*]     This panel has determined that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Despite the appellate waiver in his plea agreement, Mr. Yazzie filed a notice of appeal. He seeks to appeal the district court's denial of his motion to withdraw his guilty plea. The government has moved to enforce the appeal waiver pursuant to *United States v. Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).

When reviewing a motion to enforce, we consider "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Id.* at 1325. Mr. Yazzie concedes that his appeal is within the scope of his appeal waiver. *See* Resp. at 13-14. He also admits that the plea agreement stated that he knowingly and voluntarily entered into the agreement and that there was an adequate Rule 11 plea colloquy. *See id*. at 14. He contends, however, that enforcing the waiver would result in a miscarriage of justice.

To determine whether enforcing the appeal waiver would result in a miscarriage of justice, we consider whether any of the following four situations have occurred: (1) "the district court relied on an impermissible factor such as race"; (2) "ineffective assistance of counsel in connection with the appeal waiver renders the waiver invalid"; (3) "the sentence exceeds the statutory maximum"; or (4) "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327. In order to satisfy the fourth situation, "the error must seriously affect the fairness, integrity or public reputation of the judicial proceedings." *Id.* (brackets and internal quotation marks omitted).

Mr. Yazzie argues only that the fourth situation is present here, although he omits the language requiring the waiver to be "otherwise unlawful," and characterizes this factor instead as "whether the fairness, integrity or public reputation of the judicial proceedings are affected." Resp. at 15. Using this altered formulation of the fourth situation, Mr. Yazzie argues that "his numerous claims that he should have been allowed to withdraw his plea, which the district court denied . . . , seriously affected the fundamental fairness of the judicial proceeding against him." *Id.* at 16.

Mr. Yazzie has not met his burden of demonstrating that his waiver is otherwise unlawful. His contention that he should have been allowed to withdraw his guilty plea and that the district court's denial of his request affected the fairness of the proceedings against him does not demonstrate that his appeal waiver was unlawful. It is simply another way of asserting that the district court erred in denying his motion to withdraw his plea and is the same assertion of error that he seeks to raise on appeal. "An appeal waiver is not 'unlawful' merely because the claimed error would, in the absence of waiver, be appealable. To so hold would make the waiver an empty gesture." *United States v. Sandoval*, 477 F.3d 1204, 1208 (10th Cir. 2007). Mr. Yazzie has not demonstrated that enforcing the appeal waiver would result in a miscarriage of justice.

For the foregoing reasons, we grant the government's motion to enforce the appeal waiver and dismiss the appeal.

Entered for the Court
Per Curiam