FILED
United States Court of Appeals
Tenth Circuit

February 4, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

UNITED STATES OF AMERICA,

  Plaintiff - Appellee,

v.

WILLIS YAZZIE,

  Defendant - Appellant.

No. 15-2199
(D.C. Nos. 1:14-CV-00894-JB-CG &
1:10-CR-01761-JB-1)
(D.N.M.)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]

---

Before **GORSUCH**, **O'BRIEN**, and **BACHARACH**, Circuit Judges.

---

After Willis Yazzie pleaded guilty to aggravated sexual abuse and waived his right to appeal he filed a collateral challenge under 28 U.S.C. § 2255, alleging ineffective assistance of counsel. The district court denied relief. Mr. Yazzie now asks us to grant him a certificate of appealability (COA) to contest the district court's judgment. But we do not see how we can. We may issue a COA only if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). And that much we do not see, even construing Mr. Yazzie's pro se filings as liberally as we might.

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Mr. Yazzie contends that his counsel acted deficiently by failing to file a motion to suppress certain incriminating statements he made. But as the district court explained, Mr. Yazzie has not alleged any facts suggesting that counsel's decision was anything other than a reasoned decision based on law and strategy. Indeed, the record shows that Mr. Yazzie had a chance to consult with a second attorney about the potential for a suppression motion and that attorney too concluded there was no legal basis for it. In this light, we see no way in which we might disagree with the district court's assessment that Mr. Yazzie has failed to establish either deficient performance or prejudice, prerequisites both to prove a Sixth Amendment violation.

Separately, Mr. Yazzie contends that his counsel should not have allowed him to enter a plea agreement in which he waived his right to appeal. But he supplies no factual allegations to support this claim other than repeating his allegation that counsel failed him by declining to file a motion to suppress. In this way and as the district court observed, this second claim folds back into the first and fails for the reasons already identified.

The application for COA is denied and this appeal is dismissed.

ENTERED FOR THE COURT


Neil M. Gorsuch
Circuit Judge