**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

## FOR THE TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

WILLIS J. YAZZIE,

    Defendant - Appellant.

No. 19-2172
(D.C. Nos. 1:18-CV-00206-JB-GBW &
1:10-CR-01761-JB-GBW-1)
(D. N.M.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **BRISCOE**, **HARTZ**, and **PHILLIPS**, Circuit Judges.
_____

Willis Yazzie, proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's order dismissing for lack of jurisdiction his motion for relief under 28 U.S.C. § 2255. We deny a COA and dismiss this matter.

Yazzie pleaded guilty to and was convicted of aggravated sexual abuse. After we granted the government's motion to enforce the appeal waiver in his plea agreement and dismissed his appeal, *United States v. Yazzie*, 572 F. App'x 663, 664 (10th Cir. 2014), he filed his first § 2255 motion, claiming counsel was ineffective for failing to seek suppression of his incriminating statements. The district court denied the motion on the

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

merits and we denied a COA. *United States v. Yazzie*, 633 F. App'x 703, 704 (10th Cir. 2016). Soon thereafter, Yazzie filed a request for authorization to file a second § 2255 motion on similar grounds, which we denied.

Yazzie filed the motion at issue here in 2018, raising the same ineffective assistance of counsel arguments he raised in his first motion. Because he filed this successive § 2255 motion without authorization from this court, the district court dismissed it for lack of jurisdiction. *See In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) ("A district court does not have jurisdiction to address the merits of a second or successive § 2255 . . . claim until this court has granted the required authorization."); *see also* 28 U.S.C. § 2244(b)(3)(A) ("Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."); *id*. § 2255(h). In a separate order, the district court also denied a COA.

To appeal the district court's dismissal of his motion, Yazzie must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B); *United States v. Harper*, 545 F.3d 1230, 1233 (10th Cir. 2008). We liberally construe his pro se opening brief and application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). To obtain a COA where, as here, a district court has dismissed a filing on procedural grounds, the movant must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). We need not address the constitutional question if we

2

conclude that reasonable jurists would not debate the district court's resolution of the procedural one. *Id*. at 485.

In his application for a COA, Yazzie does not dispute that he previously filed a § 2255 motion and that he did not obtain authorization from this court to file another one. He contends, however, that he is entitled to re-file his original motion because the district court did not adequately address the merits of his claims when it denied that motion. As support, he cites *Stewart v. Martinez-Villareal*, 523 U.S. 637, 643-44 (1998), in which the Supreme Court held that a claim dismissed as premature in a first habeas petition did not need authorization to be filed in a later habeas petition. But Yazzie does not have a claim that was previously dismissed as premature that is now ripe for adjudication, as was the case in *Stewart*. And, despite his contention that the district court did not adequately consider his claims in denying his first motion, his disagreement with that ruling does not entitle him to relitigate the same claims in another § 2255 motion. Yazzie has not explained how the district court erred in its procedural ruling dismissing his most recent motion for lack of jurisdiction. Because he has not shown that jurists of reasons would debate whether the district court's procedural ruling was correct, we deny a COA.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk

3