**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 12, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

TRAYC COURTNEY,

    Petitioner - Appellant,

v.

LUKE PETTIGREW,

    Respondent - Appellee.

No. 20-5049
(D.C. No. 4:20-CV-00103-CVE-JFJ)
(N.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **LUCERO**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

Trayc Courtney, an Oklahoma state prisoner proceeding pro se, seeks a certificate of appealability (COA) to appeal from the district court's order dismissing his unauthorized second or successive habeas petition brought under 28 U.S.C. § 2254.  We deny a COA and dismiss this matter.

Courtney was convicted of first degree murder and shooting with intent to kill. The Oklahoma Court of Criminal Appeals affirmed his convictions on direct appeal. After filing an unsuccessful state-court post-conviction motion, Courtney filed his first

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

§ 2254 application in 2010. The district court denied relief, rejecting some of his claims on the merits and denying others as procedurally barred.

Courtney filed the § 2254 petition at issue here in March 2020, making some new claims and reasserting some of the claims he raised in his first application. The district court concluded that the petition was an unauthorized second or successive § 2254 application and dismissed it for lack of jurisdiction.

To appeal the district court's order, Courtney must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(A); *Slack v. McDaniel*, 529 U.S. 473, 482 (2000). To obtain a COA, he must show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484. A prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

We liberally construe Courtney's pro se combined opening brief and application for a COA (COA application). *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). In his COA application, Courtney does not dispute that he previously filed a § 2254 application and that he did not obtain authorization from this court to file another one. Nor does he dispute the correctness of the district court's procedural ruling dismissing his March 2020 § 2254 application for lack of jurisdiction. Instead, he argues the merits of

2

his underlying claims. Because Courtney has not shown that jurists of reason would debate whether the district court's procedural ruling was correct, we deny a COA.

Entered for the Court

CHRISTOPHER M. WOLPERT, Clerk