**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 13, 2020**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

RONALD LEE SMITH,

    Petitioner - Appellant,

v.

JASON LENGERICH, Warden; THE
ATTORNEY GENERAL OF THE STATE
OF COLORADO,

    Respondents - Appellees.

No. 20-1129
(D.C. No. 1:19-CV-03535-LTB-GPG)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **PHILLIPS**, **MURPHY** and **McHUGH**, Circuit Judges.
_____

    Ronald Lee Smith seeks a certificate of appealability (COA) to appeal the district

court's dismissal of his 28 U.S.C. § 2254 habeas application for lack of jurisdiction. We

deny a COA and dismiss this appeal.

## **Background**

    Smith is a Colorado state prisoner proceeding pro se. After an unsuccessful direct

appeal of his 1991 state court convictions, Smith filed his first § 2254 application in

---

    * This order is not binding precedent except under the doctrines of law of the case,
res judicata, and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2002.  The district court dismissed it as time-barred.  *See* 28 U.S.C. § 2244(d)(1).  We denied a COA and dismissed his appeal.

This matter involves Smith's third unauthorized second or successive § 2254 application.  In 2006, he filed an application in district court, which that court transferred to us as a motion for authorization.  We denied authorization, noting that his proposed motion raised the same claims he raised in his first § 2254 application.  Then, in 2011, Smith filed another unauthorized application in district court, which the court dismissed for lack of jurisdiction.  He filed the application at issue here in 2019, asserting claims of entitlement to counsel and ineffective assistance of counsel.

The district court referred the matter to a magistrate judge, who concluded it was yet another unauthorized second or successive application and recommended that the district court dismiss it for lack of jurisdiction.  The magistrate judge's report and recommendation (Recommendation) advised Smith of the deadline for filing any objections and that his failure to object could bar both de novo review by the district court and appellate review by this court under our firm waiver rule.  *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir.1991) (explaining that under our firm waiver rule, the failure to timely object to a magistrate judge's finding and recommendations waives appellate review of both factual and legal questions as long as the litigant was advised of the consequences of failing to object).  After Smith failed to object, the district court accepted the Recommendation and dismissed his § 2254 application.  It also denied Smith's motions to reconsider in which he claimed he had not received the Recommendation.  The court noted that the Recommendation was sent to the address

2

Smith had provided and was not returned as undeliverable, and it concluded he failed to rebut the presumption of receipt. *See Witt v. Roadway Exp.*, 136 F.3d 1424, 1429-30 (10th Cir. 1998) ("A rebuttable presumption of receipt does arise on evidence that a properly addressed piece of mail is placed in the care of the postal service.").

## Discussion

### 1. Firm Waiver Rule

After Smith filed his notice of appeal, we ordered him to show cause why he has not waived his right to appellate review of the district court's dismissal order by failing to timely object to the Recommendation. In response, he maintains he did not receive the Recommendation, though he acknowledges he received the referral order that was issued and mailed to him at the same address the same day. The district court's docket reflects that the court served the Recommendation on Smith by mail, but we accept his assertion that he did not receive it—it is entirely possible both that the district court mailed a copy of the Recommendation and that he did not receive it. We thus discharge the order to show cause and do not apply the firm waiver rule. *See Wirsching v. Colorado*, 360 F.3d 1191, 1197-98 (10th Cir. 2004) (recognizing that firm waiver rule is not jurisdictional and applying interests of justice exception where pro se party claimed he had not received magistrate judge's order and had otherwise been an attentive litigant).

### 2. Certificate of Appealability

To appeal the district court's order, Smith must obtain a COA. *See* 28 U.S.C. § 2253(c)(1)(B). To obtain a COA where, as here, a district court dismisses a § 2254 application on procedural grounds, the petitioner must show "that jurists of reason would

3

find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

A prisoner may not file a second or successive § 2254 petition unless he first obtains an order from the circuit court authorizing the district court to consider the petition. 28 U.S.C. § 2244(b)(3)(A). Absent such authorization, a district court lacks jurisdiction to address the merits of a second or successive § 2254 petition. *In re Cline*, 531 F.3d 1249, 1251 (10th Cir. 2008) (per curiam).

We liberally construe Smith's combined application for a COA and opening brief. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002). But he does not dispute that he previously filed a § 2254 motion and that he did not obtain authorization from this court to file another one. And his assertion that his underlying claims are meritorious and deserve review does not establish that the district court's procedural ruling—its dismissal of his application as successive and unauthorized—is debatable.

## Conclusion

Because Smith has not shown that jurists of reason would debate whether the district court's procedural ruling was correct, we deny a COA and dismiss this appeal. Smith's motion to proceed on appeal without prepayment of filing fees is granted, and we remind him of his obligation to continue making partial payments toward his

4

appellate filing fee until the entire balance is paid in full.  *See* 28 U.S.C.
§ 1915(b)(1)-(2).

Entered for the Court

Michael R. Murphy
Circuit Judge