FILED
United States Court of Appeals
Tenth Circuit

September 8, 2022

Christopher M. Wolpert
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JACKIE DUNCAN,

    Defendant - Appellant.

No. 22-6005
(D.C. Nos. 5:20-CV-01050-D &
5:14-CR-00305-D-1)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **HARTZ**, **KELLY**, and **HOLMES**, Circuit Judges.
_____

Jackie Duncan, a federal prisoner proceeding pro se, seeks a certificate of

appealability (COA) to appeal the district court's denial of his 28 U.S.C. § 2255 motion

to vacate, set aside, or correct his sentence.[1]  Exercising jurisdiction under 28 U.S.C. §

1291, we deny the request for a COA and dismiss this matter.

## I.  BACKGROUND

A jury convicted Duncan of (1) interference with commerce by robbery (two

counts), 18 U.S.C. § 1951(a); (2) conspiracy to interfere with commerce by robbery, *id*.;

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Duncan's pro se application for a COA.  *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

(3) possessing (brandishing) a firearm in furtherance of a crime of violence (two counts), 18 U.S.C. § 924(c)(1)(A); and (4) being a convicted felon in possession of a firearm, 18 U.S.C. § 922(g)(1). He was sentenced to 386 months in prison. This court affirmed the convictions on appeal. *See United States v. Duncan*, 766 F. App'x 604, 606 (10th Cir. 2019).

Duncan's § 2255 motion raised several claims that his counsel provided ineffective assistance before and during the trial. The district court denied Duncan's motion and declined to issue a COA, concluding that the claims were without merit and an evidentiary hearing was not warranted. He seeks a COA on some of these claims.

## II. CERTIFICATE OF APPEALABILITY

To appeal the denial of relief under § 2255, a prisoner must receive a COA. *See* 28 U.S.C. § 2253(c)(1)(B) ("Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a proceeding under section 2255."). "We may grant a COA only if the petitioner makes a 'substantial showing of the denial of a constitutional right.'" *Milton v. Miller*, 812 F.3d 1252, 1263 (10th Cir. 2016) (quoting § 2253(c)(2)). "To obtain a COA after a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the . . . constitutional claims debatable or wrong." *Id.* (internal quotation marks omitted); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (petitioner is required to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were

2

adequate to deserve encouragement to proceed further" (internal quotation marks omitted)).

### III. INEFFECTIVE ASSISTANCE OF COUNSEL

To prevail on a claim of ineffective assistance, Duncan must show both that counsel's performance was constitutionally deficient, and that the constitutionally deficient performance resulted in prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under the first prong, Duncan must demonstrate that the errors were so serious that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.*; *see Wilson v. Sirmons*, 536 F.3d 1064, 1083 (10th Cir. 2008) ("Counsel's performance must be completely unreasonable to be constitutionally ineffective, not merely wrong." (internal quotation marks omitted)). "Judicial scrutiny of counsel's performance must be highly deferential." *Strickland*, 466 U.S. at 689. There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.* (internal quotation marks omitted).

Under the second prong, Duncan must "affirmatively prove prejudice." *Id.* at 693. To meet this burden, he is required to demonstrate "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. "[M]ere speculation is not sufficient to satisfy [the petitioner's] burden." *Byrd v. Workman*, 645 F.3d 1159, 1168 (10th Cir. 2011).

"[T]here is no reason for a court deciding an ineffective assistance claim to approach the inquiry in the same order or even to address both components of the inquiry if the defendant makes an insufficient showing on one." *Strickland*, 466 U.S. at 697.

## IV.  DISCUSSION

One claim on which Duncan seeks a COA is that his trial counsel's improper advice caused him to go to trial rather than plead guilty.  But we will not consider this claim because it was not raised in district court.  "[If an] argument was not raised in [an appellant's] habeas petition, it is waived on appeal." *Owens v. Trammell*, 792 F.3d 1234, 1246 (10th Cir. 2015).

Two other claims raised by Duncan concern his right to a speedy trial.  "Under the [Speedy Trial] Act, a federal criminal trial must begin within seventy days of the filing of the indictment or from the date of the defendant's initial appearance, whichever occurs later." *United States v. Margheim*, 770 F.3d 1312, 1318 (10th Cir. 2014) (citing 18 U.S.C. § 3161(c)(1)).  "Several enumerated events are excluded from the statute's prescribed seventy-day period, thus tolling the speedy-trial clock." *Id.* (internal quotation marks omitted).  One of those enumerated events is the filing of a pretrial motion (such as a motion to suppress evidence), which tolls the 70-day period from the date of filing until the conclusion of the suppression hearing or other prompt disposition of the motion.  *See* 18 U.S.C. § 3161(h)(1)(D).  Also excluded is any period of delay resulting from a continuance granted based on the judge's findings that the ends of justice outweigh the defendant's interests in a speedy trial.  *See id.* § 3161(h)(7)(A).

4

Duncan's 70-day period began on November 10, 2014, when he was arraigned. But that period was tolled starting on December 8, 2014, after 28 days had elapsed, when he filed a motion to suppress. A hearing on the motion was conducted on January 6, 2015. That same day, one week before trial was set to begin, the government filed a superseding indictment that added a new charge against Duncan. The following day, Duncan's trial counsel filed an unopposed motion to continue the trial to the February trial docket. Counsel said that he could not "adequately investigate the case and provide Mr. Duncan with sound legal advice given the current schedule with the addition of the new charge in Count 1 of the Superseding Indictment." Suppl. R. at 36. The court granted the motion, determining that delay was necessary to give defense counsel reasonable time for effective preparation and that the ends of justice served by the delay outweighed the interests in a speedy trial. The trial was later continued until March 2015. According to Duncan, the initial motion was filed over his objection and his attorney was ineffective for filing the motion. Also, he contends that since his right to a speedy trial was violated as a result of the two continuances, his attorney was ineffective for failing to move to dismiss the indictment because of the violation.

The district court denied relief on the continuance claim. No reasonable jurist could debate that determination. Not only was the motion to continue eminently reasonable, but Duncan points to no resulting prejudice. Moreover, the motion to continue did not result in a violation of the Speedy Trial Act. Only 28 days on the 70-day speedy-trial clock had elapsed by January 7, 2015, when the trial court granted Duncan's motion to continue. And the court's finding that the continuance served the ends of

justice further tolled the clock until mid-February when the trial was rescheduled to begin. The March trial was well within the statutory time limit. Thus, Duncan was not denied effective assistance of counsel by the motion to continue or by the failure to move to dismiss because of violation of the Speedy Trial Act.

Any claim of a violation of the Sixth Amendment right to a speedy trial would also have been meritless. For there to be a violation of the right, the delay must be presumptively prejudicial. *See United States v. Frias*, 893 F.3d 1268, 1272 (10th Cir. 2018). To be presumptively prejudicial, the delay must approach one year. *See id.* Duncan's right to a speedy trial attached on October 22, 2014, the date the indictment was filed. Trial began on March 10, 2015—139 days later. Because the delay was far less than one year, the district court ruled that it was not presumptively prejudicial. Failure to move to dismiss for violation of the right to a speedy trial did not constitute ineffective assistance of counsel. We deny a COA because reasonable jurists could not debate the district court's resolution of this claim.

Finally, Duncan claims that his attorney was ineffective for not seeking a *James* hearing. *See United States v. James*, 590 F.2d 575 (5th Cir. 1979). The purpose of a *James* hearing is to determine the admissibility of proffered co-conspirator hearsay statements. But co-conspirator hearsay statements were apparently not at issue at trial. The district court denied this claim for lack of prejudice, noting that Duncan failed to

> identify a single co-conspirator statement admitted by the Court, nor does he point to any testimony at trial that should not have been admitted. Therefore, [Duncan] has not met his burden to show he was prejudiced by any error of his counsel in regard to co-conspirator statements that would undermine the confidence in the outcome of the trial.

R., Vol. 5 at 143. Because reasonable jurists could not debate the court's resolution of this claim, we deny a COA.

## V. CONCLUSION

We deny Duncan's request for a COA and dismiss this matter.


Entered for the Court


Harris L Hartz
Circuit Judge