**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 14, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

CAMERON JEREL HENDRICK,

    Petitioner - Appellant,

v.

RICK WHITTEN,

    Respondent - Appellee.

No. 22-5003
(D.C. No. 4:18-CV-00596-TCK-JFJ)
(N.D. Okla.)

_____

## ORDER DENYING CERTIFICATE OF APPEALABILITY[*]
_____

Before **PHILLIPS**, **McHUGH**, and **ROSSMAN**, Circuit Judges.
_____

Cameron Jerel Hendrick, an Oklahoma state prisoner, seeks a certificate of appealability (COA) to challenge the district court's dismissal of his 28 U.S.C. § 2254 habeas petition.[1]  We deny his request for a COA and dismiss this matter.[2]

_____

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Mr. Hendrick's pro se application for a COA. *See Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002).

[2] The district court entered judgment on December 8, 2021.  Mr. Hendrick filed his notice of appeal on January 13, 2022, after the thirty-day deadline for doing so. *See* Fed. R. App. P. 4(a)(1).  But contemporaneously with his notice of appeal, he filed a timely motion requesting leave to file a notice of appeal out of time. *See id.* R. 4(a)(5). For good cause shown, the district court granted the motion and extended the filing deadline until January 21, 2022.  The notice of appeal was therefore timely, and we have jurisdiction to address this request for a COA.

# I.  BACKGROUND

A jury convicted Mr. Hendrick of first-degree murder and possessing a firearm

after a felony conviction.  The Oklahoma Court of Criminal Appeals (OCCA)

summarized the facts underlying his convictions as follows:[3]

> In February of [2015] Brittish Ratliff lived in an apartment in Tulsa
> with her son, B.S.  Before Valentine's Day in [2015], Ratliff had been
> dating Cameron Hendrick on and off for two years.  On Valentine's Day,
> however, Ratliff and Hendrick broke up.  The following day, on
> February 15, [2015], Robert Singleton, B.S.'s father, stayed the night at
> Ratliff's apartment with her and B.S.  Ratliff's cousin, fourteen year old
> B.G., and Hendrick's younger brother, thirteen year old P.H., stayed the
> night in the apartment as well.
>
> Ratliff woke up between 8:00 and 8:30 the following morning.  She
> noticed that she had messages from Hendrick on Facebook.  Ratliff
> responded to Hendrick telling him that Singleton had spent the night.
> Hendrick became angry and the two exchanged heated, insulting Facebook
> messages for about thirty minutes.  During this exchange, Hendrick
> messaged Ratliff two pictures of guns and made reference to "big thangs
> [sic] popping."  He messaged her, "see me down stairs better lock yo [sic]
> door."  Ratliff tired of arguing and told Hendrick to come pick up his
> younger brother.
>
> At about 10:30 that morning, when Ratliff was walking outside
> between her apartment and her neighbor's apartment, she saw that Hendrick
> had arrived.  She yelled at P.H. to get his stuff together and she watched as
> Hendrick walked up the stairs toward her apartment.  When he saw Ratliff,
> Hendrick stopped on the landing and started arguing with her as she stood
> at the top of the stairs.  Singleton heard the two arguing, stepped outside,
> and joined the fray.  Hendrick said, "I got something for you" and he
> walked back down the stairs and to his car.  When Hendrick returned he
> had a gun in his hand.  He waved at Singleton to get away from the
> apartment and Singleton walked down the stairs.  When Singleton got to
> the bottom of the stairs Ratliff ran down to him and grabbed him.  As
> Singleton pushed Ratliff to the side, she heard Hendrick shoot the gun five
> times.  Singleton was hit with three bullets.  He fell to the ground and died

---

[3] The OCCA's factual summary misidentified the year of the events as 2014, so
we have corrected it to 2015.

within moments from multiple gunshot wounds. Hendrick left the scene but was apprehended by the police several hours later.

*Hendrick v. Oklahoma*, No. F-2016-295 (Okla. Crim. App. Aug. 10, 2017) (per curiam) (unpublished), R., Vol. 1 at 353-54.

The OCCA affirmed Mr. Hendrick's judgment and sentence. *See id.* at 360. He then filed an application for post-conviction relief, which the state district court denied. *See id.* at 78-87. The OCCA affirmed the denial of post-conviction relief. *See id.* at 216-24. Mr. Hendrick then filed this federal application for a writ of habeas corpus. The district court denied his application and denied a COA, and Mr. Hendrick appealed.

## II. DISCUSSION

We lack jurisdiction to consider Mr. Hendrick's appeal unless a COA is issued. *See* 28 U.S.C. § 2253(c)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003). To obtain a COA, he must make "a substantial showing of the denial of a constitutional right," § 2253(c)(2). To make that showing, he must demonstrate that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (internal quotation marks omitted). This means that to the extent the district court rejected Mr. Hendrick's claims on the merits, he must show "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* And to the extent the district court denied the application on procedural grounds, he must show that reasonable jurists could debate both "whether the petition

3

states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling." *Id.*

## A. Request to File Amended Reply Brief

Mr. Hendrick filed his habeas application in November 2018. The State filed a response in February 2019, and Mr. Hendrick filed an optional reply brief in March 2019. Two years later, Mr. Hendrick filed a "Motion to Seek Leave to File an Amended Brief in Support." R., Vol. 1 at 667-69. In his motion he explained that his previous reply brief had been "prepared by a yard attorney" who had "duped" him and prepared a "frivolous" pleading full of "meaningless accusations" and "bald assertions that were not supported by facts or evidence, or governing legal authority." *Id.* at 667-68 (spelling corrected). He requested leave to amend his reply "to properly challenge each substantive claim opposed by the Respondent." *Id.* at 668.

The State opposed Mr. Hendrick's motion, and the district court denied it. The district court reasoned that Mr. Hendrick "ably set forth his claims for habeas corpus relief in his initial petition" and that his attempt to file an amended reply after two years was untimely. *Id.* at 676. Noting that it had previously set a thirty-day deadline for filing a reply, it concluded that Mr. Hendrick's bare statement that lockdowns and COVID-19 quarantine had prevented him from determining the inadequacy of the previously filed reply did not justify the two-year delay.

We review the district court's determination whether to permit an untimely, supplemental filing for an abuse of discretion. *See, e.g.*, *Teigen v. Renfrow*, 511 F.3d 1072, 1077 n.2 (10th Cir. 2007) (concluding district court did not abuse its discretion in

4

denying extension of time to file response and in striking supplemental response that it concluded operated as an attempt to file an untimely response brief). A district court abuses its discretion when its decision is "arbitrary, capricious, whimsical, or manifestly unreasonable." *Att'y Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 776 (10th Cir. 2009) (internal quotation marks omitted).

Mr. Hendrick argues the district court erred by failing to consider that his motion was timely under 28 U.S.C. § 2244(d)(1)(D)—that is, based on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence," *id.* But that is a standard for determining the timeliness of a habeas application, not for filing a brief. Nor has Mr. Hendrick shown that the district court's refusal to accept an untimely supplemental filing denied him due process or fundamental fairness by unfairly resolving his habeas application on a defective procedural ground, as he claims.[4] Rather, the district court permissibly enforced a

---

[4] Mr. Hendrick also claims that his motion "asserted that new, relevant and exculpatory information was available and necessary for inclusion within his Habeas Petition." COA Appl. at 4. He states that this new information would establish his actual innocence. But his motion to file an amended brief did not include these additional justifications. Instead, he asked the district court in general terms to permit him to bolster his reply to the State's response to his existing claims. Our review is limited to whether the district court abused its discretion in denying the motion Mr. Hendrick made under the supporting facts available to it at the time. *See, e.g., Frey v. Town of Jackson*, 41 F.4th 1223, 1242 (10th Cir. 2022) (stating a district court's exercise of discretion is measured by "the bounds of the rationally available choices before the district court given the facts and the applicable law in the case" (internal quotation marks omitted)); *cf. United States v. Nelson*, 868 F.3d 885, 891 (10th Cir. 2017) (declining to consider argument raised for first time on appeal, where the district court had not made the necessary factual findings that would permit review). We therefore decline to consider his new arguments.

procedural requirement for filing a reply, then eventually adjudicated the habeas claims it concluded Mr. Hendrick had adequately presented. *See Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (Although pro se pleadings are held to a less stringent standard than those drafted by lawyers, a pro se litigant must "follow the same rules of procedure that govern other litigants." (internal quotation marks omitted)). On these facts, Mr. Hendrick is not entitled to a COA because reasonable jurists would not debate the district court's procedural ruling in denying his untimely request to file an amended brief.[5]

## B. Prosecutorial Misconduct

Mr. Hendrick argues he is entitled to a COA concerning Ground One of his Application. In that ground, he asserted that prosecutorial misconduct deprived him of a fair trial. Mr. Hendrick claimed that the prosecutor committed misconduct by arguing to the jury during the third, sentencing stage of proceedings that "[t]here are consequences for carrying a firearm when you know you're not supposed to. And make no mistake, he knows he's not supposed to. He knows that. *And despite being told that over and over and over and over and over again*, he just has apparently not cared." R., Vol. 1 at 692 (emphasis added). Mr. Hendrick argued that no evidence was presented at trial that he had been told numerous times that he could not carry a firearm. Therefore, he contended,

---

[5] Even if a COA were not required concerning this issue, *see Harbison v. Bell*, 556 U.S. 180, 183 (2009) (stating the COA requirement applies to "final orders that dispose of the merits of a habeas corpus proceeding"), for the reasons we have stated Mr. Hendrick failed to establish that the district court reversibly erred by denying his motion.

the prosecutor's argument was based on facts not in evidence and deprived him of a fair trial.

Because Mr. Hendrick's counsel did not object to the prosecutor's remark, the OCCA reviewed this claim for plain error. It stated that relief could only be granted if "the prosecutor's flagrant misconduct so infected the defendant's trial that it rendered the trial fundamentally unfair." *Id.* at 355. The OCCA concluded that there was no error, plain or otherwise. It noted that the argument at issue was made after the jury had already found Mr. Hendrick guilty at a previous stage of possession of a firearm after a felony conviction. In addition, evidence had been presented that he had several felony convictions dating back to 2007. The jury therefore could reasonably have inferred that he had been advised and knew as a convicted felon that he could not legally possess a firearm.

The district court denied relief because it determined the OCCA's adjudication of this claim was not contrary to clearly established federal law and did not rest on an unreasonable determination of the facts. *See* 28 U.S.C. § 2254(d). It first determined that the OCCA had correctly identified the controlling legal principle that in assessing prosecutorial misconduct, "[t]he relevant question is whether the prosecutors' comments so infected the trial with unfairness as to make the resulting conviction a denial of due process." R., Vol. 1 at 692 (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). It noted that the OCCA had reasoned that a prosecutor is granted "a reasonable amount of latitude in drawing inferences from the evidence during closing summation." *Id.* at 694 (quoting *Duvall v. Reynolds*, 139 F.3d 768, 795 (10th Cir. 1998)). It then determined that

7

the OCCA had not unreasonably applied the federal due-process test and had not

unreasonably determined the facts, so Mr. Hendrick was not entitled to habeas relief

concerning this claim.

Mr. Hendrick argues that he "clearly stated a substantial claim of a constitutional

violation." COA Appl. at 8. This conclusory statement fails to explain why the district

court's analysis was debatable. We therefore deny a COA concerning this claim.

### C.  Ineffective Assistance of Appellate Counsel

Finally, Mr. Hendrick contends that his fourth claim, concerning ineffective

assistance of counsel, warrants a COA, as evidenced by the district court's own statement

that reasonable jurists would not debate most of claim four. Mr. Hendrick argues that

this means "a reasonable jurist would debate some of claim four." COA Appl. at 8.

Mr. Hendrick misperceives the district court's reasoning. In context, the district

court stated:

> [T]he Court concludes that Hendrick has not shown that his custody under
> the challenged judgment and sentence violates the Constitution or other
> federal law. The Court therefore denies his petition for writ of habeas
> corpus. 28 U.S.C. § 2254(a). Further, *because reasonable jurists would not
> debate this Court's assessment of claims one, two, three and four*, or debate
> this Court's determination that Hendrick procedurally defaulted claims five,
> six and seven, and most of claim four, the Court declines to issue a
> certificate of appealability.

R., Vol. 1 at 710 (emphasis added).

Plainly, the district court determined that *nothing* in its assessment of Claim Four

warranted a COA. It further reiterated that most of Claim Four was procedurally

defaulted.  The district court did not state that some of its reasoning concerning Claim Four was debatable.

Nor has Mr. Hendrick shown that the district court's reasoning was debatable. Claim Four asserted numerous instances of ineffective assistance of appellate counsel. The district court determined that most of these assertions were unexhausted and had been procedurally defaulted.  *See id.* at 701 n.14.  The only portion of Claim Four that was not procedurally defaulted was Mr. Hendrick's claim that appellate counsel was ineffective for failing to argue that trial counsel was ineffective for failing to introduce jail calls to impeach witness Brittish Ratliff's testimony.  Concerning that sub-claim, the district court determined that "it was objectively reasonable for the OCCA to conclude that trial counsel did not perform deficiently by failing to present the recordings of jail calls to impeach Ratliff's testimony.  As a result, it was objectively reasonable for the OCCA to further conclude that appellate counsel did not perform deficiently by failing to challenge trial counsel's effectiveness as to this issue." *Id.* at 704 (citations omitted). Mr. Hendrick has failed to mount an effective challenge to the district court's reasoning concerning this claim.  We therefore deny a COA concerning Claim Four.

### III.  CONCLUSION

We deny Mr. Hendrick's request for a COA and dismiss this matter.

Entered for the Court

Gregory A. Phillips
Circuit Judge

9