FILED
**United States Court of Appeals**
**Tenth Circuit**

**December 26, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

WILLIE J. SIMKINS,

     Plaintiff - Appellant,

v.

MARK FAIRBAIRN; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

     Respondents - Appellees.

No. 24-1140
(D.C. No. 1:23-CV-02880-LTB-SBP)
(D. Colo.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY***
_____

Before **PHILLIPS**, **CARSON**, and **FEDERICO**, Circuit Judges.
_____

Willie J. Simkins, a Colorado prisoner proceeding pro se, moves for a

certificate of appealability (COA) to appeal the district court's denial of his

28 U.S.C. § 2254 petition. We deny a COA and dismiss this matter.

**I**

In 1999, the State of Colorado charged Simkins with various counts

relating to sexual abuse of a teenage girl. Simkins pleaded guilty to one of

_____

    * This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel.  It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the charges and was sentenced to lifetime probation upon his discharge from the Kansas prison system, where he was already serving a sentence for different crimes. That discharge occurred in 2009. He then violated the terms of his Colorado probation in 2010 and 2015. The second violation resulted in revocation of his probation, and the court imposed a prison sentence of six years to life. Simkins soon began filing a series of unsuccessful postconviction motions and related appeals in state court, the most recent of which was resolved in May 2023.

In October 2023, he filed the § 2254 proceeding at issue here. This was his first § 2254 challenge to the relevant conviction. He claimed that, during his prosecution, the State never disclosed the report of a medical exam performed on the victim. That exam showed normal genitals with an intact hymen. According to Simkins, this was: (1) evidence of actual innocence, thus excusing him from failing to file a § 2254 petition within the normal time constraints; and (2) the basis of a claim that the State withheld exculpatory evidence from him, in violation of *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

The district court received a pre-answer response from the State and referred the matter to a magistrate judge. The magistrate judge concluded that Simkins's § 2254 petition was indeed untimely according to the various statutory standards. The magistrate judge further concluded that the exam

2

report did not satisfy the actual-innocence standard, so the untimeliness could not be excused. The magistrate judge therefore recommended that the district court deny the petition.

Over Simkins's objections, the district court adopted the magistrate judge's recommendation in full and without further commentary. This motion for a COA followed.

## II

"Unless a circuit justice or judge issues a [COA], an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court . . . ." 28 U.S.C. § 2253(c)(1)(A). A COA requires "a substantial showing of the denial of a constitutional right." § 2253(c)(2). This means Simkins "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). And he must make an extra showing in this circumstance because the district court resolved his motion on a procedural basis, namely, untimeliness. So, he must also show that "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

## III

## A

A prisoner's federal habeas petition may be timely under various scenarios. *See* § 2244(d)(1). The magistrate judge considered and ruled out three possible scenarios. Simkins does not straightforwardly challenge this part of the magistrate judge's analysis. He does, however, describe his difficulties in obtaining the exam report.

Construing his COA motion liberally because he is pro se, *see Hall v. Scott*, 292 F.3d 1264, 1266 (10th Cir. 2002), Simkins may be challenging the magistrate judge's conclusion that his habeas petition was not timely under § 2244(d)(1)(D). This statutory provision requires a prisoner to bring a § 2254 petition within one year of "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence."

Simkins argues that his efforts to demonstrate his innocence began when he read his arrest affidavit in February 2019. He does not say when he first obtained the affidavit. In any event, the affidavit was heavily redacted, but he noticed a reference to a medical exam performed on the victim. He soon wrote to the public defenders' office that handled his case, as well as the clerk of the court where he was convicted. Both denied having a copy of the report. He obtained the report anyway – he does not explain

4

how or when – but the fact that the public defenders' office and the state court did not have a copy was proof, in his view, that the State had never previously disclosed it.

The magistrate judge noted the Colorado Court of Appeals (CCA) had evaluated Simkins's claim based on the exam report and concluded that, at a minimum, Simkins had been aware of the report's existence at the time of his prosecution. The magistrate judge treated this as a factual conclusion to which a federal habeas court must normally defer. *See* 28 U.S.C. § 2254(e)(1) ("In a [habeas proceeding], a determination of a factual issue made by a State court shall be presumed to be correct."). The magistrate judge therefore determined Simkins had not exercised reasonable diligence in light of the roughly twenty years between the prosecution and Simkins's efforts to overturn his conviction based on the report.

Simkins does not challenge this factual finding (*i.e.*, he knew of the report's existence at the time of his prosecution) nor the magistrate judge's choice to defer to the CCA's view of the facts. He also does not explain the twenty-year delay. Thus, he has not shown that reasonable jurists could debate the magistrate judge's conclusion regarding § 2244(d)(1)(D). He accordingly does not qualify for a COA on this issue.

5

**B**

A sufficient showing of actual innocence allows a prisoner to bring constitutional claims via § 2254 despite their untimeliness. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013). In this context, "actual innocence" means "that, in light of the new evidence, no juror, acting reasonably, would have voted to find [the prisoner] guilty beyond a reasonable doubt." *Id.* (internal quotation marks omitted). We do not require the prisoner to show diligence in pursuing such a claim, but timing is still "a factor relevant in evaluating the reliability of a petitioner's proof of innocence." *Id.* at 399.

To evaluate an actual-innocence claim, "the habeas court must consider all the evidence, old and new, incriminating and exculpatory." *House v. Bell*, 547 U.S. 518, 538 (2006) (internal quotation marks omitted). Thus, a viable claim usually requires a detailed discussion of the new evidence compared to what was already available. *See, e.g.*, *Fontenot v. Crow*, 4 F.4th 982, 1035 (10th Cir. 2021) ("Mr. Fontenot presents six categories of new evidence in support of his actual innocence gateway assertion . . . . We analyze each category in turn, contrasting the evidence put on [at trial] with that which is newly presented."), *cert. denied*, 142 S. Ct. 2777 (2022).

The magistrate judge concluded the exam report did not meet the actual-innocence standard because the victim reported digital penetration

only, meaning there was no reason to expect anything other than normal findings during the examination. We see no debatable issue here, especially given that Simkins relies on the exam report in isolation, *i.e.*, he fails to discuss its likely effect on the jury in light of other available evidence. He therefore does not qualify for a COA on the actual-innocence question.

## IV

We GRANT Simkins's motion to proceed without prepayment of costs or fees. We DENY a COA and DISMISS this matter.

Entered for the Court

Richard E.N. Federico
Circuit Judge